(No. 27502.— )

THE VILLAGE OF PALATINE, Appellee, *vs.* HENRY DAHLE
*et al.*—(HENRY DAHLE, JR., Appellant.)

*Opinion filed January 20, 1944—Rehearing denied March 22, 1944.*

WILLIAM H. SCHULTZ, (ELWYN E. LONG, of counsel,) both of Chicago, for appellant.

THOMAS A. MATTHEWS, of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Henry Dahle, Jr., son and only heir and devisee of Henry Dahle, deceased, on November 12, 1942, filed an amended petition in the circuit court of Cook county to vacate a judgment of condemnation entered in that court on January 5, 1920. The two grounds of attack were, first, that the petition was fatally defective so that the court had no jurisdiction; and second, that the judgment failed to fix any time within which the con-

demnation award should be paid, and that it never was paid, hence appellee, the village of Palatine, never acquired any title to the land sought to be condemned for street purposes. On the issues raised by an answer denying the material allegations and averring affirmatively that the award had been paid and that the village had been in exclusive, open, continuous and adverse possession for more than twenty years, a hearing was had. The court, on January 6, 1943, entered an order finding that no time for payment had been fixed in the judgment but that $150 had been paid and accepted by Henry Dahle, deceased, the owner at the time of the condemnation suit, and that there was still due on the award the sum of $50, which, with interest from the date of the judgment, should be paid to appellant within sixty days from November 27, 1942, the date of the court's oral announcement of the finding. On February 4, 1943, appellant filed a petition to vacate the order of January 6, 1943, in which petition charges of fraud and forgery were made concerning an alleged alteration of the satisfaction of judgment and the signature thereto, and on answer to that petition, the court, after a personal inspection of records brought before him from the criminal court building, found that the condemnation judgment for $200 had been satisfied and released of record by the circuit clerk of Cook county according to the statute, and hence the order entered on January 6, 1943, was, on March 5, 1943, vacated and judgment was entered in favor of appellee for costs, with a dismissal of appellant's petition and amended petition. This appeal seeks to reverse the orders of the trial court entered on January 6, 1943, and March 5, 1943, and to have this court direct the trial court, on remandment, to set aside the condemnation judgment of January 5, 1920, and that the title to the land in question be vested in appellant clear of all claims of the village and that appellant have judgment for costs, damages and attorney's fees.

Taken with the case is appellee's motion to dismiss the appeal on the following grounds: that the record was not filed within the time provided by Rule 36 of this court; that the notice of appeal is fatally defective; and that appellant has no right to appeal because he was not a party to the condemnation suit. Rule 36 is a shield against dilatory measures by appellant and can not be used as a weapon for appellee to justify obstructions in the way of a completion of the record. The notice of appeal is somewhat confusing but not fatally defective. · Appellant was not a party to the condemnation proceeding but is the successor in title whose interests are involved, and the cases cited by counsel for appellee refute his own argument. (*Hotchkiss* v. *City of Calumet City*, 377 Ill. 615; *People ex rel. Altorfer* v. *City of Peoria*, 378 Ill. 572.) The motion to dismiss the appeal must be overruled.

Appellant's petition in this case was not filed as an independent suit to quiet title. It was filed in a proceeding wherein the files had been closed for many years. The condemnation judgment challenged was twenty-two years old when the original petition was, by order of April 15, 1942, allowed to be filed. In that sworn petition, filed May 9, 1942, appellant alleged that immediately after the entry of the order of January 5, 1920, the village took possession of the land in question and had been continuously in possession ever since. When appellee interposed the defense of the twenty-year statute of limitations and *laches*, appellant, on November 12, 1942, filed his amended petition, herein above referred to, in which he alleged that the village never had taken possession and never had paid the award, and that appellant and his predecessor in title had been in peaceable and uninterrupted possession for fifty years. Appellee answered by setting up the affirmative defense that the village took possession of the premises on January 6, 1920, and has been in adverse possession continuously since then, and again pleaded the statute of

limitations and *laches*. Appellant filed no reply to this affirmative defense and thereby the fact is admitted that immediately after the entry of the judgment of condemnation of January 5, 1920, appellee entered into adverse possession of the premises involved and has continued in possession.

At the hearing on the amended petition and answer appellee offered in evidence, in proof of payment of the award, a check dated August 7, 1924, for the sum of $150, payable to Henry Dahle, signed by the village treasurer, and bearing the undenied endorsement of the payee, who, the proof shows, died in 1936. The check was corroborated by the village record, which showed payment to Henry Dahle on that date. The testimony of an officer of the village to the effect that Henry Dahle, deceased, in 1924, stated to the witness that he had received payment for the land in dispute, was challenged on the ground of the incompetency of the witness to testify as to statements of the deceased. The court admitted the testimony subject to a subsequent determination of the question, but the objection was not renewed nor was any motion made to strike it. It must be now considered as properly in the record. The trial court was therefore justified, as the record then stood, in finding that there was still due $50, with interest, on the condemnation award.

Appellant, not satisfied with a favorable decision to that extent, insisted that, because no time for payment was fixed in the condemnation judgment and because the petition did not allege the adoption of an ordinance authorizing the taking of the specific premises, the court was without jurisdiction and the condemnation judgment was void. He complained that it was impossible to tell from the petition whether the proceeding to condemn was under the Eminent Domain Act or the Local Improvement Act. He filed his petition in the original condemnation proceeding and asked for attorney's fees under the provisions of the

Eminent Domain Act. (Ill. Rev. Stat. 1941, chap. 47, par. 10.) The petition to condemn the lands, filed by the village on October 9, 1919, leaves no reasonable doubt that it was a proceeding under the Eminent Domain Act. The provision requiring the court to fix a time within which the award should be paid is found only in the Eminent Domain Act and has no application to condemnation judgments under the Local Improvement Act. (*Comrs. of Lincoln Park* v. *Schmidt*, 379 Ill. 130; *City of Chicago* v. *Lord*, 279 Ill. 582.) The provisions of section 10 of the Eminent Domain Act relative to the allowance of costs and attorney's fees in case of a dismissal or abandonment of the proceeding have no application to the Local Improvement Act. *Rieker* v. *City of Danville*, 204 Ill. 191; *Comrs. of Lincoln Park* v. *Schmidt*, 379 Ill. 130.

This court has previously held that it is not necessary that either an ordinance or resolution be alleged in a petition in a proceeding under section 2 of the Eminent Domain Act. (*City of Mound City* v. *Mason*, 262 Ill. 392.) The petition by the village was not jurisdictionally defective as it alleged that petitioner was an incorporated village and authorized by law to condemn lands for streets and alleys.

Prior to 1897 the Eminent Domain Act contained no requirement that, in the judgment, the court must fix a time within which payment of the award must be made. It was a question of fact in each case whether the lapse of time was so unreasonable as to constitute an abandonment. That uncertainty was removed by the 1897 amendment requiring the court to fix a time, and this court has interpreted the purpose of the amendment to be to declare the proceedings abandoned unless the compensation is paid within the time fixed in the judgment in which the amount of compensation is ascertained. *Chicago Great Western Railroad Co.* v. *Ashelford*, 268 Ill. 87.

Conceding that payment is a condition precedent to an entry on lands condemned, (*City of Winchester* v. *Ring*, 315 Ill. 358; *Comrs. of Lincoln Park* v. *Schmidt*, 379 Ill. 130,) it must be admitted from the proof in this record that the village took possession immediately after the condemnation judgment was entered and has held it adversely ever since and has, at considerable expense, in 1924, eighteen years before the filing of the petition in this proceeding, constructed a sewer which benefits the lot in question as well as the village in general.

Being disappointed because of the court's order of January 6, 1943, appellant, in seeking to vacate it and to relitigate the validity of the judgment of condemnation, alleged that there had been found in the files a satisfaction of judgment filed August 9, 1923, purporting to be signed by Henry Dahle, which authorized the clerk of the circuit court to satisfy in full the judgment of January 5, 1920, reciting the sum of two hundred dollars as payment in full for the property condemned; that it had been materially altered by changing the sum mentioned from one hundred fifty to two hundred dollars and that the signature of Henry Dahle was a forgery. The court allowed the petition to be filed and an answer was filed thereto. On his own motion the court had the law record brought from the criminal court building and made a personal inspection and incorporated in his final judgment his finding that it appears from law record 106, page 350, that the circuit clerk had released and satisfied the said judgment of record in accordance with the statute; that the compensation for land taken had been fully paid; and accordingly he dismissed appellant's petition and amended petition and gave judgment for costs against appellant.

While the satisfaction document shows plainly that the sum mentioned was altered, the record is destitute of any proof that any alteration was made after the document

was executed. The trial court could not have justified any other conclusion than that full payment for the land taken had been made. Furthermore, appellant and his predecessor in title permitted the village to enter and remain in open, adverse and continuous possession for more than twenty years, and the dismissal of appellant's petition would have been justified on that ground, as suggested by the court.

For the above and foregoing reasons, the judgment of the circuit court is affirmed.

*Judgment affirmed.*