People of State of Illinois, Defendant in Error, v. Edgar Stebbins, Plaintiff in Error.

Gen. No. 10,550.

Opinion filed February 1, 1952.

Released for publication February 19, 1952.

GEORGE H. SCHIRMER, JR., of Freeport, for plaintiff in error.

ROBERT J. ELLIS, State's Attorney of Stephenson County, of Freeport, for defendant in error; JOHN G. WHITON, Assistant State's Attorney for Stephenson County, of Freeport, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

An information was filed in the county court of Stephenson county charging Edgar Stebbins with driving a motor vehicle while he was under the influence of intoxicating liquor. The case was tried before a jury that found the defendant guilty and fixed his punishment at two hundred and ten days in jail, and a fine of $600. The defendant entered a motion for a new trial, which was overruled by the court, and he was then sentenced to serve two hundred and ten days in the State Farm at Vandalia and to pay a fine of $600. It is from this judgment that he has prosecuted a writ of error to this court.

██ ██ It is first insisted that the People did not prove its case beyond a reasonable doubt, and that the verdict of the jury was contrary to the weight of the evidence and to the law. The case was presented to the jury for their consideration. They saw and heard the witnesses testify, and it was their province to weigh the evidence. We have read the evidence as abstracted, and it is our conclusion that the jury could come to no other verdict than that the defendant was guilty as charged in the information.

██ ██ The plaintiff in error contends that the remarks of the State's Attorney in his closing argument to the jury in requesting them "not to fix a nominal sentence if they found the defendant guilty," were prejudicial. The plaintiff in error is not in a position to raise this point, as there is nothing in the abstract to show what the argument was. However, he has stated it, in his brief and argument, and from an

457

examination of what was stated there, we do not feel that the defendant was unduly prejudiced. The State's Attorney certainly has a right to comment on such things, and this statement was not inflammatory, or prejudicial to the rights of the defendant.

 It is finally claimed that the jury was never specifically informed by the instructions, as to the charge contained in the information. The defendant did not offer any instructions whatsoever, but relied solely upon the People to have the court give the proper instructions. The plaintiff in error does not claim that any of the given instructions were improper. The abstract in this case is inadequate. The instructions are not set out, either in whole or in part, and it is the plaintiff in error's duty to set out the entire series of instructions in order to raise this point. (*People v. Shader,* 326 Ill. 145.)

Two of the instructions are as follows: ''The Court instructs the jury that under the charge contained in the information in this case the State must prove, beyond a reasonable doubt, that at the time and place in question the defendant, Edgar Stebbins, operated a motor vehicle while under the influence of intoxicating liquor, but the Court further instructs you in this regard that it is not necessary for the State to prove the amount of intoxicating liquor, if any, consumed by the defendant which produced his intoxication, if you believe, beyond a reasonable doubt, that he was, at the time he so operated said vehicle, under the influence of intoxicating liquor.'' The second instruction says: ''The Court instructs the jury that the phrase, 'under the influence of intoxicating liquor' as used in these instructions, means such an impairment of the faculties of care and caution as would render the driver of the vehicle in question incapable of giving the attention and care to driving that an ordinary, prudent man would give.'' From a reading of these two instructions

it is clear what the People must prove before the jury can find the defendant guilty. The record shows that in addition to the two quoted instructions, the statute defining the offense and including the punishment therefor, was also given to the jury.

In addition to these two instructions, the following was given: "The Court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant, Edgar Stebbins, heretofore on or about the 2nd day of June, A. D. 1948 in the County Court of Stephenson County, Illinois, was duly convicted of the offense of unlawfully driving a motor vehicle within the State of Illinois while he was then and there under the influence of intoxicating liquor; and if you further believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Edgar Stebbins, heretofore, on or about the 26th day of August, A. D. 1950 in the County Court of Stephenson County, Illinois, was duly convicted of a second offense of unlawfully driving a motor vehicle within this State while he was then and there under the influence of intoxicating liquor; and if you further believe from the evidence in this case, beyond a reasonable doubt, that subsequent to said convictions as aforesaid, on or about the 23rd of April, A. D. 1951 at and within the County of Stephenson and State of Illinois the said defendant, Edgar Stebbins, did again then and there unlawfully drive a motor vehicle while he was then and there under the influence of intoxicating liquor, as alleged in the information, then you should find the said defendant, Edgar Stebbins, guilty in manner and form as charged in the information."

██ After considering all of these instructions, we find the jury was properly instructed as to what the law of the case was, and the offense with which the defendant was being tried.

On the whole we think the defendant had a fair and impartial trial, and that the verdict of the jury and the sentence of the court is not excessive. The judgment should be and is affirmed.

*Judgment affirmed.*