People of State of Illinois, Defendant in Error, v. Albert Evan Knutson, Plaintiff in Error.

Gen. No. 11,134.

Second District, Second Division.
April 23, 1958.
Released for publication May 10, 1958.

John G. Garrity, of Freeport, for plaintiff in error.

Latham Castle, Attorney General (L. Edward Beckmire, State's Attorney, Fred G. Leach, and Bruce E. Kaufman, Assistant Attorneys General, of counsel) for defendant in error.

JUSTICE WRIGHT delivered the opinion of the court.

Plaintiff in error, Albert Evan Knutson, hereinafter referred to as defendant, was found guilty of operating a motor vehicle while under the influence of intoxicating liquor, after a trial by jury in the County Court of Stephenson county, Illinois.

Judgment was entered on the verdict and defendant sentenced to pay a fine in the amount of $200 and costs. From this judgment the defendant prosecuted a writ of error to the Supreme Court. The case comes to us for decision by transfer from that court.

Defendant's contentions pertaining to due process of law as guaranteed to him by sections 2, 6, and 10, article II of the Constitution of the state of Illinois, cannot be passed upon by this court. We must assume that the Supreme Court by transferring the case to this court decided that these issues were not material to the ultimate decision of the appeal.

The defendant assigns as grounds for reversal the following errors:—1. Prejudicial remarks made by the State's Attorney in his opening statement. 2. The admission of improper evidence at the trial on behalf of the people. 3. The giving of people's instructions nos. 5, 9, 11, 15, 16 and 18. 4. The evidence is not sufficient to support a finding of guilty beyond a reasonable doubt.

253

The first and second points raised by the defendant, namely that the State's Attorney made prejudicial remarks to the jury in his opening statement, and that improper evidence was admitted at the trial will be considered together.

The State's Attorney in his opening statement, over the objection of the defendant, stated that the defendant upon being arrested was taken to the jail where he was asked routine questions by the arresting officers, and that he was then requested to take an intoximeter test which the defendant first agreed to do; that the intoximeter equipment was set up but before the test was completed it was abandoned because the defendant refused to proceed with the test. The defendant objected to these remarks made by the State's Attorney, and further objected to any evidence being offered with reference to the attempted intoximeter test.

Richard Cowan, one of the arresting officers, was called as a witness for the people and testified that the defendant after being arrested was taken to the booking room at the county jail and after being asked routine questions, which were answered by the defendant, the defendant was then asked to take an intoximeter test; that defendant made some effort to blow the balloon up but was unable to do so and then the defendant became unruly and refused to take the intoximeter test. Following that the defendant was placed in the county jail.

Willard Robbins, one of the arresting officers, was called as a witness for the people and testified that subsequent to the arrest of the defendant, he was taken to the booking room at the county jail. After answering routine questions, the defendant was asked by the officer if he would like to take an intoximeter test and that the defendant answered that he would take it, and that the apparatus for the giving of the test was set up and that he was told how to blow into

254

the mouth piece in order to inflate the balloon; but that he did not do it right and finally told the officers present that he would not take the test or answer any other questions.

Alvin Stine, a Deputy Sheriff for Stephenson county, was called as a witness for the people and testified that he was present at the county jail when the defendant was brought in by the arresting officers, and was also present at the time the defendant refused to take or complete the intoximeter test.

Concerning the admissibility of evidence to show the results of an intoximeter test, voluntarily taken, the courts of the various jurisdictions are not in agreement. Some jurisdictions have held that the results of an intoximeter test are admissible in evidence as evidence of intoxication. For instance in the State of Texas, the Court of Criminal Appeals held in McKay v. State, 235 S.W.2d 173, that the evidence of the result of the Harger Drunkometer test was admissible. Whereas, in the State of Michigan, the Supreme Court in People v. Morse, 325 Mich. 270, 38 N.W.2d 322, held that it was reversible error to admit into evidence testimony concerning the results of the Harger Drunkometer test.

No case is cited in the briefs submitted in the instant case indicating that this question has been ruled on by the Supreme Court of our state, and this court has failed to find any case where our Supreme Court has passed upon this question. However, the Appellate Court, First District, in People v. Bobczyk, 343 Ill. App. 504, 99 N.E.2d 567, held that evidence of the result of the drunkometer test is admissible.

■ ■ Without passing upon the admissibility in evidence of the results of an intoximeter test voluntarily taken by the defendant, we certainly do not believe that the results of such test, which a defendant is forced to take or is deceived into taking, would be admissible in evidence. It therefore follows that all

255

of the evidence with reference to the attempted intoximeter test and the defendant's ultimate refusal to take the test was improper. Such evidence did not tend to prove any material issue in the case and could only have tended to prejudice the jury. This evidence could have prejudiced the jury by leaving the impression that the defendant was intoxicated, otherwise he would have consented to take and complete the test or that he was so under the influence of liquor that he was unable to complete the test.

■ The jury in passing upon a question of fact should only consider and be permitted to consider proper evidence, and if there are admitted into evidence matters which are improper, no one can say with certainty whether or not the jury took into consideration the improper evidence or improper matters in reaching their verdict. Norton v. Cook, 14 Ill.App.2d 390, 144 N.E.2d 847.

■ We conclude that the remarks of the State's Attorney in his opening statement, made over the objection of the defendant, pertaining to the attempted intoximeter test and the evidence offered and admitted over the objection of the defendant concerning the refusal of the defendant to take the intoximeter test, were prejudicial.

■ The defendant next contends that the court committed error in the giving of certain instructions for the people. People's instruction no. 15 states:

"The Court instructs the jury that, although a person can walk straight, tend to his business and not give any outward, visible sign to the casual observer that he is drunk, yet he is under the influence of liquor if he is not himself, if he is excited from it, and does not possess that clearness of intellect and control of himself that he would otherwise have."

Defendant contends that this instruction directs a verdict by telling the jury that the defendant is under the influence of intoxicating liquor if certain symp-

toms are evident and assumes as true the very fact in controversy. The people cite no authority where such an instruction has been given and approved similar to this one. To sustain the giving of the instruction, the people rely on language used by the Supreme Court of Pennsylvania in Elkin v. Buschner, 1 Monag. 359, 16 Atl. 102, which was quoted by our Supreme Court in Osborn v. Leuffgen, 381 Ill. 295, at page 299.

The language used by the court in Elkin v. Buschner, supra, and quoted by our Supreme Court in Osborn v. Leuffgen, supra, is:

"Whenever a man is under the influence of liquor so as not to be entirely himself, he is intoxicated. Although he can walk straight, attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk, yet if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not to possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated."

The court in Elkin v. Buschner, supra, in substance stated that whenever a man is under the influence of liquor to the extent that certain symptoms are produced in him, then he is intoxicated. That is not what the instruction here complained of tells the jury, but on the contrary, the instruction here in question tells the jury that if certain symptoms are manifest in the defendant, then he is under the influence of liquor.

There are many pathological conditions which produce in a person symptoms similar to those produced by alcohol. We believe that an instruction such as the one here in question, which tells the jury that if certain conditions and symptoms are present in the defendant then the defendant is under the influence of liquor is bad, for the very cogent reason that many symptoms produced by alcohol might be evident in a person who was a total abstainer and who had not imbibed to the extent of one drink.

257

The case of People v. Stebbins, 345 Ill. App. 456, 103 N.E.2d 594, is cited by the people as authority for the instruction here complained of. While the defendant in that case did not claim that any of the given instructions were improper, the court nevertheless discussed two instructions given and held that they were proper; but the instructions there discussed did not tell the jury that if certain symptoms were present that a person was under the influence of liquor. We might also add that the instructions set out in People v. Stebbins, supra, were given by the people in the instant case as people's instructions nos. 16 and 17.

■ People's instruction no. 11 states:

"The Court instructs the jury as a matter of law that mere personal opinions as to facts not proven cannot properly be considered as the basis of your verdict. You may, as men, believe that certain facts exist, but, as jurors, you can only act upon evidence introduced upon the trial, and from that, and that alone, you must form your verdict unaided, unassisted and uninfluenced by any opinion or presumption not formed upon the testimony.

"You are instructed, however, that the jury has a right to consider, with all the other evidence in the case, the opinion of witnesses on the question whether the defendant was under the influence of intoxicating liquor, as charged in the information."

Witnesses were called and testified on behalf of the people that in their opinion the defendant was under the influence of intoxicating liquor at the time of the occurrence in question; witnesses were called and testified on behalf of the defendant that in their opinion the defendant was not under the influence of intoxicating liquor at said time and place. Witnesses were also called by the defendant who testified that in their opinion the defendant's reputation in the community, prior to the occurrence in question, for sobriety and as a law abiding citizen was good.

We believe that people's instruction no. 11 is erroneous because it limits the jury's consideration of opinion evidence to the question of the intoxication and sobriety of the defendant. It completely removes from consideration by the jury all opinion evidence as to the reputation of the defendant for sobriety, which was introduced by the defendant.

We have examined the other instructions given for the people and complained of by the defendant, and find no error committed by the giving of them.

■ The people contend that the defendant not having made any objection to the giving of any of the people's instructions prior to the filing of his motion for a new trial, has waived his right to object to any of the instructions. The record in this case does not disclose that the trial court, at the conclusion of all of the evidence and prior to the closing arguments, held a conference with the attorneys to settle the jury instructions as provided by section 67 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 67]. Since no conference was held by the court, the defendant made his objections to the people's instructions at the first opportunity, which was in his motion for a new trial, and did not waive his right to object to the instructions prior to that because the court did not afford the opportunity for him to object by holding the conference to settle the instructions.

Supreme Court Rule 25 provides:

"In criminal cases instructions to the jury shall be tendered, settled and given in accordance with section 67 of the Civil Practice Act, but substantial defects are not waived by failure to make timely objections thereto if the interests of justice require."

■ In view of this rule, we do not believe that the defendant in a criminal case can be considered to have waived his objections to the jury instructions offered by the people, if he fails to make these objections at the conference held to settle the jury instructions.

█ It is further contended by the defendant that the evidence is not sufficient in this case to support a finding of guilt beyond a reasonable doubt. The evidence as to some of the material matters, particularly as to the defendant being under the influence of intoxicating liquor, was conflicting and it was the peculiar province of the jury to weigh the evidence and determine the credibility of the witnesses. We will not pass upon the question whether the evidence was sufficient to support the verdict. There being a conflict in the evidence as to the guilt of the defendant, in order to sustain the verdict it must appear that the record is free from material and substantial error. People v. Jacobs, 243 Ill. 580.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

CROW, P. J. and SOLFISBURG, J., concur.