THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO A. ANDERSON, Defendant-Appellant.

Fifth District   No. 78-172

Opinion filed June 19, 1979.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William P. Strange, State's Attorney, of Lawrenceville (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The defendant appeals from a judgment of conviction entered by the Circuit Court of Lawrence County following a jury trial at which he was found guilty of driving while under the influence of intoxicating liquor. He was fined $200.

First, the defendant contends that the traffic ticket on which he was prosecuted failed to charge an offense. It recited that he was charged with "D.W.I."; left blank that area for the section of the vehicle code allegedly violated; and in the space for the chapter number of the statute violated there appeared "11—501," the section of the allegedly violated portion of the Illinois Vehicle Code.

Furthermore, defendant proceeded *pro se* and was never advised of nor waived his right to counsel. Because of this, he claims his constitutional right to counsel was violated and his conviction and sentence must therefore be reversed and he must be granted a new trial.

Finally, he complains that the prosecutor exploited the fact that he was not represented by a lawyer by introducing inadmissible evidence of his refusal to take the breathalyzer test and by giving the trial court non-IPI jury instructions which unduly emphasized the State's evidence.

■■ Regarding the defendant's assertion that his traffic ticket failed to charge an offense, we do not agree. The defendant's case, *People v. Greer* (1974), 18 Ill. App. 3d 617, 310 N.E.2d 391 (abstract), contained an important fact which distinguishes Greer's ticket from the ticket received by the defendant here. Only "D.W.I." was written on the *Greer* ticket. There was no citation to the section of the Illinois Vehicle Code at all. We believe that this ticket apprised the defendant of the offense charged with sufficient specificity to enable him to prepare his defense. *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

■■ We affirm the trial court on the issue of the defendant's right to counsel. Since the parties filed their briefs, the United States Supreme Court has affirmed the Illinois Supreme Court in *People v. Scott* (1979), ___ U.S. ___, 59 L. Ed. 2d 383, 99 S. Ct. 1158, holding that the sixth and fourteenth amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel. It does not otherwise require appointment of counsel at misdemeanor prosecutions. Since this defendant was not sentenced to a term of imprisonment, the State had no obligation to afford him counsel. It is not, as the defendant argues, the *possibility* of imprisonment upon conviction that determines when counsel must be provided or knowingly and understandingly waived by the defendant; rather, it is when a defendant *is imprisoned* that the court must have afforded him this right.

⊕ 3 The defendant further contends that the prosecutor improperly elicited testimony from the arresting police officers on the defendant's refusal to submit to a breathalyzer test. One officer stated that the defendant agreed to the test but later refused when the police failed to comply with his request for counsel. A second officer was called, and his testimony was essentially the same as the first officer. These were the only witnesses called by the State in the prosecution of the charge. The defendant did not object or make motion to strike the testimony. In this regard, we particularly note that he appeared *pro se* and would not be as proficient in preserving a record if counsel were representing him. The legislature has seen fit to expressly provide that such evidence of an accused's refusal to submit to a breathalyzer test is not admissible in a D.W.I. prosecution. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(h); *People v. Knutson* (1958), 17 Ill. App. 2d 251, 149 N.E.2d 461.) The elicitation of such testimony has been held to be reversible error even though objected to, objection sustained, and the jury instructed to disregard the testimony. *People v. Boyd* (1974), 17 Ill. App. 3d 879, 309 N.E.2d 29.

We find that the State's evidence may have been sufficiently tainted by this testimony as to deny the defendant his right to a fair trial. The trial court should have been alerted *sua sponte* upon hearing the forbidden

testimony by the first police officer. So alerted, he should have prevented its repetition by the second officer.

Accordingly, for the reasons stated, the judgment of the trial court of Lawrence County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

KARNS and KASSERMAN, JJ., concur.