THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROZELL HAMPTON, Defendant-Appellant.

First District (5th Division)    No. 80-2196

Opinion filed March 27, 1981.—Rehearing denied June 19, 1981.

Danny C. Cross, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Dean C. Morask, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was convicted and sentenced for driving a motor vehicle (a) in excess of the applicable speed limit, (b) while under the influence of intoxicating liquor, and (c) without a driver's license. On appeal, he contends there was a reasonable doubt of guilt as to each of the charges; that his warrantless arrest lacked probable cause; and that other trial errors required a new trial.

A motion to suppress statements to the police was heard with the trial, during which only a police officer and defendant testified.

Officer Walker testified that she and her partner followed and curbed defendant's speeding car; that after defendant got out of the car, she observed he was "swaying and in need of support"; that when she approached him, she detected a strong odor of alcohol on his breath, saw that his eyes were bloodshot, and noticed that his clothes were "loose." When she found that he did not have a driver's license, he was placed in her squad car and, on the way to the police station, she informed him of his *Miranda* rights—after which he told her he had been drinking from 9 p.m. until he was apprehended. After she identified a report signed by her concerning defendant's refusal to submit to a breathalyzer test, it was received in evidence over defendant's objection. When asked her opinion as to defendant's sobriety, Walker said, "He was not sober absolutely but he was on the moderate basis."

On cross-examination, Walker stated that defendant was traveling "around 40, probably 45 or so" in a 30-mile speed limit zone.

Defendant testified that he was stopped by the police, and when he exited his car he told police he did not have a driver's license but had a

"ticket." He was handcuffed and taken to the police station, where he was informed of his *Miranda* rights. Prior thereto, he told the officers he was not drunk—having had only two or three beers. He also testified that at the police station he was able to walk without assistance; that one of the officers threw money on the floor for him to pick up, which he did without any difficulty; and that Officer Walker read a form to him concerning a refusal to take a breathalyzer test.

OPINION

Defendant's principal contention is that his guilt was not proven beyond a reasonable doubt as to any of the charges. Turning first to the speeding conviction, we note that defendant was charged with driving in excess of the applicable speed limit in violation of section 601(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—601(b)), which provides that:

> "No person may drive a vehicle upon any highway of this State at a speed which is greater than the applicable statutory maximum speed limit established by paragraphs (c), * * *."

Paragraph (c) provides:

> "Unless some other speed restriction is established under this Chapter, the maximum speed limit in an urban district for all vehicles is:
>
> 1. 30 miles per hour; * * *." Ill. Rev. Stat. 1979, ch. 95½, par. 11—601(c).

Defendant argues that Walker's testimony did not support the court's finding that he drove his vehicle in excess of the applicable speed limit. We note, however, that while Walker on her direct examination did not testify as to the speed of defendant's car or to the speed limit in that area, on cross-examination she answered that defendant was traveling "at a high rate of speed * * *," "over the speed limit of 30 * * *," "probably 45 or so." This was the only evidence in the record as to a speed limit. Defendant offered no evidence as to any other speed limit and, as a matter of fact, made no statement as to the speed of his vehicle. In the light thereof, it is our view that the 30-mile speed limit of section 11—601(c) was applicable and that the evidence was sufficient to justify the finding that defendant was driving his car in excess of the speed limit.

■■ Defendant's second conviction was for driving "while under the influence of intoxicating liquor" in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501).

As stated in *People v. Sullivan* (1971), 132 Ill. App. 2d 674, 677, 270 N.E.2d 571, 572:

> "Being 'under the influence of intoxicating liquor' means a condi-

tion that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves, operate an automobile with safety to himself and to the public."

We initially note that evidence of defendant's refusal to take the breathalyzer test was received in evidence over objection and that both sections 11—501 and 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—501, 11—501.1) state that evidence of such refusal is inadmissible in proceedings such as in the instant case under section 11—501. (*People v. Anderson* (1979), 73 Ill. App. 3d 948, 392 N.E.2d 174; *People v. Mankowski* (1975), 28 Ill. App. 3d 641, 329 N.E.2d 266; *People v. Boyd* (1974), 17 Ill. App. 3d 879, 309 N.E.2d 29.) Although defendant's objection to this evidence was based upon a lack of foundation, we will consider its admission as plain error under Supreme Court Rule 615(a). Ill. Rev. Stat. 1979, ch. 110A, par. 615(a).

■■ While it is true that in a bench trial it will be presumed that the trial judge considered only competent evidence (*People v. Robinson* (1964), 30 Ill. 2d 437, 197 N.E.2d 45), this presumption is overcome if it affirmatively appears from the record that the evidence was considered by the court (*People v. Grodkiewicz* (1959), 16 Ill. 2d 192, 157 N.E.2d 16). Moreover, as stated in *People v. De Groot* (1968), 108 Ill. App. 2d 1, 11, 247 N.E.2d 177, 181-82:

"Where an objection has been made to the evidence and overruled, it cannot be presumed that the evidence did not enter into the court's consideration. The ruling itself indicates that the court thought the evidence proper. *People v. Reed*, 287 Ill. 606, 122 N.E. 806 (1919)." Accord, *People v. Ford* (1974), 21 Ill. App. 3d 242, 315 N.E.2d 87; *Motykowski v. Motykowski* (1972), 4 Ill. App. 3d 957, 282 N.E.2d 458; *People v. Stewart* (1970), 130 Ill. App. 2d 623, 264 N.E.2d 557.

Here, the only evidence offered as to defendant's condition appears in the testimony of Officer Walker, that when defendant left his car she observed that "he was swaying and in need of support"; that she detected a strong odor of liquor on his breath and noticed his eyes were bloodshot; that he told her he had been drinking from 9 p.m. until apprehended at about 3 a.m.; and that in her opinion "he was not absolutely sober but was on the moderate basis." She also stated, however, that defendant was cooperative and answered all questions, and it is clear that he was not assisted or supported in any manner during that entire evening. In addition, it appears to us that other than the "swaying" testified to by Walker, the record indicates that defendant conducted himself in a normal manner. We draw this conclusion because (1) there was no

testimony that his speech was garbled, that he was loud or boisterous, or that he exhibited any other indications of alcohol excess; and (2) he was not given any of the usual sobriety tests at the scene of his arrest or at the police station.

■■ The facts as outlined above present such a close question as to whether defendant was under the influence of intoxicating liquor that we believe the trial court, in finding him guilty, must have considered defendant's refusal to take the breathalyzer test and that it was reversible error for him to do so. See *Anderson*; *Boyd*; *Mankowski*.

Concerning defendant's conviction for driving a motor vehicle without a valid license in violation of section 6—101 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 6—101), we note that Officer Walker testified defendant had no driver's license, and in his testimony defendant stated that he told the officers he had no license but that he had "a ticket." However, the ticket was neither shown to the police nor introduced at trial. In fact, the record discloses no other reference to a driver's license or "a ticket" by way of explanation or otherwise, and nothing else in the record in any manner indicates that defendant had a valid license at the time of his arrest. In view thereof, we conclude the evidence sufficiently established defendant's guilt on that charge.

■■ ■ Defendant also contends that his arrest was without probable cause. We disagree. Probable cause to arrest exists when the facts and circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution in believing that an offense has been committed and that the prospective arrestee has committed that offense. (*People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.) Defendant's argument is based primarily on his contention that there was no credible evidence that he was speeding or that he was violating any other law giving probable cause for a legal stopping of his vehicle. We have found, however, that defendant was operating his vehicle in excess of the speed limit and this justified the stopping of his car (Ill. Rev. Stat. 1979, ch. 38, par. 107—14; *People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448) and, when the officers found that defendant had no driver's license, his arrest was with probable cause (see *People v. Garcia* (1976), 43 Ill. App. 3d 757, 357 N.E.2d 190).

Defendant also contends that he was prejudiced by certain errors of the trial court. First, he asserts that the court erred in overruling his objection "to the use of various papers by the State's only witness while testifying without first having laid a proper foundation for the use of such papers." His argument in support of this position is as follows:

"It was noticed by defendant after a few questions had been propounded to the arresting officer that as she was giving her

testimony she was reading from various papers. The defendant made an objection to such papers and their use without having laid a proper foundation for such use. The Trial Court noted the objection but permitted their use notwithstanding the objection by defendant."

The sole reference in the record to such papers appears in the following colloquy:

"MR. CROSS [defense counsel]: Your Honor, excuse me, I would like the record to show that the testifying officer is doing so from a piece of paper which I haven't had a chance to review, and there hasn't been a proper foundation laid for it.

THE COURT: Your objection is on the record, counsel."

It should be noted that while the court considered it as an objection, it made no ruling thereon and none was requested by defense counsel. The failure of the court to rule is not open to review where no ruling was requested. *People v. Todorovic* (1977), 53 Ill. App. 3d 1, 368 N.E.2d 471; see also *Village of Palatine v. Dahle* (1944), 385 Ill. 621, 53 N.E.2d 608; *People v. Brown* (1976), 41 Ill. App. 3d 641, 354 N.E.2d 602.

Second, defendant maintains that the trial court erroneously denied his motion to suppress statements of defendant. Defendant does not inform us as to any particular statements that should have been suppressed but, citing no authority, he argues in his brief that all statements made by him to Officer Walker should have been suppressed because he was not properly informed as to his *Miranda* rights. (See *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) We disagree.

Officer Walker testified that when she and her partner were transporting defendant to the police station, she read his *Miranda* rights to him from a preprinted card and that defendant stated that he understood them. Defendant testified that he was not informed of his *Miranda* rights until he was in the police station and, prior thereto, he had answered a number of questions asked by the police. He stated, however, that he did not remember any of the questions that were asked before his rights were read to him.

■■ The record discloses no statements made by defendant prior to the time that Officer Walker stated she gave him his *Miranda* rights, and defendant does not point out nor have we found any statement made by defendant prior to the time he admits receiving those rights. Thus, it is clear that the trial court did not err in denying the motion to suppress statements.

For the reasons stated, we affirm the convictions and sentences for driving in excess of the applicable speed limit and for driving without a

valid license, but we reverse the conviction and sentence for driving while under the influence of intoxicating liquor, and this cause is remanded for a new trial on that complaint.

Affirmed in part.

Reversed in part and remanded.

LORENZ and WILSON, JJ., concur.