[Civ. No. 12094. Second Appellate District, Division Two.—June 14, 1939.]

W. H. KINDIG, Respondent, v. PALOS VERDES HOMES ASSOCIATION (a Corporation) et al., Appellants.

Clyde F. Murphy for Appellants.

Merton A. Albee, Frederick H. Bihn and Eugene P. Fay, as *Amici Curiae,* on Behalf of Appellants.

Willett & Willett and Horace W. Danforth for Respondent.

McCOMB, J.—From a judgment directing the issuance of a writ of mandate to defendants after the trial court overruled their demurrer to a petition requesting that defendants be required to include in an assessment improvements upon real property located in Palos Verdes Estates, defendants appeal. There are also purported appeals from the minute order and writ of mandate.

These are the essential facts:

Petitioner is the owner of several lots in Palos Verdes Estates and as such is a member of defendant Palos Verdes Homes Association, a corporation. The defendants, aside from the corporation, are a majority of the members of its board of directors.

In 1921, a trust indenture, known as the Palos Verdes Project, which covered the property which is the subject of the present litigation, was executed and recorded. This trust indenture provided for the organization of the Palos Verdes Homes Association, article VI, section 4H(1) of said trust indenture, reading in part as follows:

" . . . That Palos Verdes Homes Association shall have sole authority:

"(a) To fix and establish annually the amount of such annual charge or assessment on each and every lot or parcel of said real property or any interest thereon, subject to such continuous lien which shall be based on the assessed valuation of said real property as established by the County Assessor of Los Angeles County, for the then current fiscal year at a rate never in any one year in excess of the total annual tax rate established for all purposes for the then current fiscal year by the City Council for the Old City of Los Angeles, or in accordance with some other legal and equitable plan to be adopted by the Board of Directors of Palos Verdes Homes Association, provided that the total amount of said charge or assessment for the whole subdivision under such alternate plan shall never exceed the largest total amount that could have been raised under said first named plan."

Thereafter, pursuant to the trust indenture, defendant corporation was duly organized and its by-laws provided in article XVIII, sections 1 and 5 as follows:

"Section 1. The Director of Finance shall have direct supervision over the Department of Finance and the administration of the financial affairs of the corporation, including the keeping of accounts and financial records; the levy, assessment and collection of charges or assessments, and other fees and revenues (except as otherwise provided herein); the custody and disbursement of corporation funds and moneys and the deposit of the same in such bank or banks as the Board of Directors shall designate; the control over expenditures; and such other duties as the Board of Directors may, by regulation, provide."

"Section 5. On or before the 15th day of October, in each year the Board of Directors shall, by regulation, fix and establish the amount of the annual maintenance charge or assessment mentioned in Article I hereof, necessary to meet the appropriations made (less the estimated amount of revenue from other sources)."

September 7, 1938, in an endeavor to meet the requirements of article XVIII, section 5, of the by-laws of the corporation, defendant directors adopted a resolution reading in part as follows:

352

## "REGULATION NO. 66

"Regulation Fixing the Annual Charge or Assessment for the Fiscal Year Beginning July 1st, 1938, on All Property in Palos Verdes Estates Subject to Said Charge or Assessment, Together With Penalties for the Non-Payment Thereof; and Providing for the Collection and Payment Thereof.

"The Board of Directors of Palos Verdes Homes Association ordains as follows:

"*Section 1.* The Board of Directors of Palos Verdes Homes Association does hereby fix, establish, levy and impose a maintenance charge or assessment for the fiscal year beginning July 1st, 1938, of one dollar and seventy-one cents ($1.71) on each one hundred dollars ($100.00) of assessed valuation, as established by the Assessor of the County of Los Angeles, California, and revised by the Board of Equalization as the official assessment roll of said County for the said fiscal year, on each and every parcel or lot, exclusive of improvements, in that tract of land known as Palos Verdes Estates (being all subdivided land included within the boundaries of Tracts 4400, 6881, 9302 and 9822 of said Los Angeles County, and also that parcel of approximately two (2) acres lying between Palos Verdes Drive East and the Westerly line of said Tract 6881.), which are or may be subject to said charge or assessment on account of restrictions, conditions, covenants, liens or charges set forth in Declarations of Restrictions duly filed of record with the County Recorder of said County."

October 13, 1938, the trial court issued a peremptory writ of mandate reading in part as follows:

"Now, therefore, it is hereby ordered that a peremptory writ of mandate in due form of law be issued requiring the board of directors of the defendant Palos Verdes Homes Association, a corporation, and defendants U. B. Bray, Donald Armstrong, J. C. Burks, and E. B. Haggott, who constitute and are a quorum and the controlling majority of the said board of directors, with all convenient speed, but in all events prior to October 15, 1938, wholly to rescind and expunge from the records of the said Palos Verdes Homes Association that certain unlawful and void regulation undertaken to be passed and adopted by the said board of directors of the said defendant corporation on September 7, 1938, which said

regulation is now designated and known as 'Regulation 66'; and,

"It is further ordered that in the place and stead of the said 'Regulation 66', the above-named defendant members of the said board of directors shall cause to be adopted, and the said defendant board of directors shall adopt, not later than October 15, 1938, a regulation of assessment, in accordance with the by-laws of said corporation, which regulation, however, shall in terms provide that the charge or assessment fixed, established, levied and imposed thereby shall apply not alone to the assessed valuation of any lands subject to the jurisdiction of the said board of directors, but to the assessed valuation of both such land and all improvements existing in or upon the same, or any lots or parcels thereof, as fixed by the county assessor for Los Angeles county, California, for the fiscal year 1938–39; and,

"It is further ordered that the rate of such assessment or charge as aforesaid shall be such rate as, on said assessed valuation of both such land and the improvements thereon, will realize enough revenue from such assessment or charge, with any other income the actual cash receipt of which is reasonably to be anticipated by the said board of directors during the current fiscal year 1938–39, to meet the requirements of the existing budget, to-wit, $50,620.00; . . . "

These are the questions presented for determination:

*First: Was it the duty of the board of directors of defendant corporation to adopt a regulation prior to the 15th of October of each year, levying an assessment as provided in its by-laws and the trust indenture of Palos Verdes Estates on the land and improvements thereon included in the Palos Verdes Estates?*

*Second: Was regulation No. 66 adopted by defendants valid as being in compliance with the alternate plan referred to in article VI, section 4H(1) of the trust indenture?*

*Third: Was petitioner estopped from objecting to defendants' adopting regulation No. 66, in view of the fact that in previous years he had not objected to the land in Palos Verdes Estates being assessed without the inclusion of the improvements thereon?*

The first question must be answered in the affirmative. Article VI, section 4H(1) of the trust indenture, the provisions of which it was the duty of the board of directors

of defendant corporation to enforce, provided that the Palos Verdes Homes Association should have sole authority "to fix and establish annually the amount of such annual charge or assessment on each and every lot or parcel of said *real property* or any interest therein, subject to such continuous lien which shall be based on the assessed valuation of said *real property* as established by the County Assessor of Los Angeles County, for the then current fiscal year at a rate never in any one year in excess of the total annual tax rate established for all purposes for the then current fiscal year by the City Council for the Old City of Los Angeles, . . . " (Italics added.)

It is important to determine what is meant by the phrase *real property* as used in the foregoing by-law. The phrase *real property* includes land and whatever is erected, growing thereon or affixed thereto. (*City of Los Angeles* v. *Hughes*, 202 Cal. 731, 736 [262 Pac. 737]; 50 Cor. Jur. (1930) 746, sec. 19; sec. 14, subd. 2, sec. 658, Civ. Code.)

Applying the foregoing definition to the provisions of the declaration of trust just quoted, it is clear that it was the duty of defendants to adopt a regulation fixing an assessment upon the land and the improvements thereon. This regulation by the by-laws of defendant corporation was required to be adopted prior to the fifteenth day of October each year.

■ The second question must be answered in the negative. From a reading of regulation No. 66 originally adopted by defendant corporation, it is evident that defendants were not attempting to act under an alternate plan but under the method first described in the declaration of indenture.

■ The third question must also be answered in the negative. One of the essential elements of estoppel, that the party relying thereon has been prejudiced as a result of another party's acts, is not present in this case, and, therefore, this doctrine has no application. There is a total lack of any showing that defendants or either of them have been prejudiced in any way by petitioner's failure in previous years to object to the assessment of land without the inclusion of the improvements thereon. (*Estate of Fassetta,* 14 Cal. App. (2d) 239, 240 [57 Pac. (2d) 1336]; *Cohen* v. *Metropolitan Life Ins. Co.,* 32 Cal. App. (2d) 337, 350 [89 Pac. (2d) 732].)

■ No appeal lies from a minute order or other memorandum, the clear intent of which is that the court has merely

authorized the issuance of another written order or judgment. (*Bley* v. *Board of Dental Examiners,* 101 Cal. App. 666, 668 [282 Pac. 19].) In the present case the minute order from which the purported appeal is taken was a mere preliminary entry authorizing the subsequent judgment.

The purported appeal from the minute order is dismissed.

A judgment is the final determination of the rights of the parties in an action or proceeding. (Sec. 577, Code Civ. Proc.)

An order is the direction of a court or judge made or entered in writing and not included in a judgment. (Sec. 1003, Code Civ. Proc.)

A decree is the judgment of a court of equity, court of probate, or court of admiralty.

A writ is an order or precept in writing, issued by a ministerial officer in the name of the people, or of a court or judicial officer. (Code Civ. Proc., sec. 17, subd. 6.)

■ Section 963 of the Code of Civil Procedure provides that appeals may be taken from judgments, orders, or decrees. It does not provide for an appeal from a writ. Hence, the purported appeal from the writ is dismissed.

For the foregoing reasons the judgment is affirmed.

Wood, Acting P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1939.