[Civ. No. 12821.   Second Dist., Div. Two.—June 4, 1941.]

PEARL B. SMITH, Respondent, v. DALTON L. SMITH,
Appellant.

Earl S. Patterson for Appellant.

Joseph Schecter for Respondent.

McCOMB, J.—From a purported order denying a motion to quash a purported order authorizing the issuance of a writ of execution upon an alimony judgment after more than five years from the rendition thereof, defendant appeals.

The record discloses the following minute entries, sometimes denominated minute orders, of the trial court:

"JULY 18, 1940                          Department 35

Present: HON. THOMAS C. GOULD, Presiding Judge.

PEARL B. SMITH,
            Plaintiff,
      vs.                        No. D 41130
DALTON L. SMITH,
            Defendant.

"Motion of plaintiff for issuance of execution comes on for hearing, Joseph Schecter appearing as attorney for plaintiff and C. Fetterly appearing as *amicus curiae;* said motion is granted."

"AUGUST 2, 1940                    Department 35

Present: HON. THOMAS C. GOULD, Presiding Judge.

PEARL B. SMITH,
                    Plaintiff,
        vs.                                No. D 41130
DALTON L. SMITH,
                    Defendant.

"Motion of defendant to quash and recall execution comes on for hearing, Joseph Schecter appearing as attorney for plaintiff and E. S. Patterson for defendant; said motion is denied."

Also the notice of appeal, which reads thus:

"TO THE PLAINTIFF, PEARL B. SMITH, AND TO JOSEPH SCHECTER, HER ATTORNEY:

"YOU AND EACH OF YOU will please take notice that the defendant herein, Dalton L. Smith, does hereby appeal to the District Court of Appeal of the State of California, Second Appellate District, from the Order and Judgment of the Court herein made and given on the 2nd day of August, 1940, wherein and whereby said Court denied the Motion of Defendant to quash and recall execution theretofore ordered issued in favor of the plaintiff and against the defendant in this action.

"Dated this 9th day of August, 1940.

"DALTON L. SMITH, Defendant,
                    "By EARL S. PATTERSON
                                "His Attorney."

This is the sole question necessary for us to determine: *Was the clerk's minute entry of August 2, 1940, an appealable order?*

This question must be answered in the negative. The law is established in California that an appeal does not lie from a minute entry or other memorandum, the clear intent of which is that the court has merely authorized the issuance of a written order or judgment (*Estate of Yale,* 208 Cal. 102, 104 [280 Pac. 358]; *Kindig* v. *Palos Verdes Homes Assn.,* 33 Cal. App. (2d) 349, 354 [91 Pac. (2d) 645]; see, also, 4 Cor. Jur. Sec., (1937), Appeal and Error, 330, sec. 153).

Applying the foregoing rule to the facts of the instant case, it is evident that the entry of July 18, 1940, in the records of the superior court was a mere notation that in the opinion of the trial judge the writ of execution should be issued and that upon presentation of a proper, written order for the issuance of the same he would sign it. Likewise, the entry in the minutes of the trial court on August 2, 1940, was merely an indication that the trial judge had not come to a different conclusion from that indicated in the previous minute entry. Neither minute entry constituted a final order. After either minute entry had been made, the trial judge could have declined to sign an order carrying into effect the substance of the minute entry, on the ground that he had changed his mind and would in fact sign an order making opposite disposition of the motion before him. The minute entries were merely preliminary entries authorizing subsequent written orders.

As the record now stands, the purported appeal is from a nonappealable minute entry and is therefore dismissed, and the writ of *supersedeas* heretofore issued by this court is vacated and set aside.

Moore, P. J., concurred.

Mr. Justice Wood, having signed the original final decree in the above-entitled case while Presiding Judge of the Superior Court of Los Angeles County, did not participate in the foregoing decision.