[Civ. No. 19873.   Second Dist., Div. Two.   Dec. 4, 1953.]

JOAN L. GRATTAN, Appellant, v. JOHN F. SILBAUGH, Respondent.

Nitsch & Snodgrass for Appellant.

Jack W. Hardy for Respondent.

McCOMB, J.—This is a purported appeal by plaintiff from a *minute order* dated March 16, 1953, and entered March 18, 1953, denying plaintiff's request for attorney's fees, court costs, allowances for support of an illegitimate child, a restraining order and medical expenses. The minute order, omitting the title of the court and cause, reads:

"It appearing to the court after a perusal of the reporter's transcript of the hearing of December 5, 1952 herein, that the minute orders herein of November 14, 1952, December 5, 1952 were correct as entered, now, therefore, the minute order of March 2, 1953 herein is vacated, and the minute order of February 19, 1953 shall be amended nunc pro tunc as of the same date to read as follows: In the matter of the order to show cause, heretofore submitted as of January 19, 1953, the court now rules as follows: Plaintiff's application for attorney fees and costs is denied. *Counsel for defendant is directed to prepare the order.*" (Italics added.)

This is the sole question necessary for us to determine:

*Is the foregoing minute order an appealable order?*

It is not. ■ No appeal lies from a *minute order* which shows on its face that it is a mere preliminary entry authorizing a subsequent order or judgment. (*Butler* v. *City & County of San Francisco,* 104 Cal.App.2d 126, 128 [1] [231 P.2d 75]; *Kindig* v. *Palos Verde Homes Assn.,* 33 Cal.App.2d 349, 354 [4] [91 P.2d 645]; *Conley* v. *Apablasa,* 42 Cal.App. 2d 565, 567 [2] [10 P.2d 367]; *Smith* v. *Smith,* 45 Cal.App.2d 212, 213 [1] [113 P.2d 892].)

In the present case the minute order from which the purported appeal is taken was a mere preliminary entry authorizing a subsequent order. This is obvious from the last sentence in the order which we have italicized.

The purported appeal from the order is dismissed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 23, 1953.