[Civ. No. 4858. Fourth Dist. Aug. 23, 1954.]

LA VONNE FOX, Respondent, v. LORENZO C. FOX, Appellant.

T. Roy Hoover for Appellant.

Holt & Macomber and Thomas Whelan for Respondent.

MUSSELL, J.—This is a divorce action which was tried before C. A. Paulsen, judge assigned. The trial was concluded on July 23, 1953. Findings were waived by stipulation of the parties and on July 27, 1953, a "Memorandum of Decision" was signed and filed as follows:

"As heretofore indicated, a decree will be granted to plaintiff wife.

"The personal property will be awarded to plaintiff. As to the real property, the wife should have a home for the children during the period of their minority, to be protected by a homestead, but defendant should have an equity of $2,500 to be realized by him in the event of a prior sale.

"Plaintiff will be given the care, custody and control of the children, subject to the right of reasonable visitation as heretofore indicated, defendant to pay $125 a month for the support of the children; plaintiff to have any earnings from the property. Attorney's fees in the sum of $300 and costs will be allowed plaintiff.

"Plaintiff will submit judgment accordingly.

"DATED: July 27, 1953.

"C. A. Paulsen
"JUDGE OF THE SUPERIOR COURT."

On August 4, 1953, an interlocutory judgment was signed and filed by Judge Robert B. Burch, who did not hear the case. In this connection it appears from the affidavit of the attorney for plaintiff, which is in the files of said action, that he prepared this interlocutory decree and instructed his secretary to have it presented to Judge Paulsen for his signature; that through inadvertence and mistake the decree was presented to Judge Burch, who then signed it. On November 16, 1953, an interlocutory decree containing the same provisions as that of August 4, 1953, was presented to and signed by Judge Paulsen, who heard the case. This decree was entered on November 19, 1953, and apparently no appeal has been taken therefrom.

The notice of appeal herein reads as follows:

"TO THE CLERK OF THE ABOVE ENTITLED COURT:

"You are hereby notified that LORENZO C. Fox appeals to the Supreme Court of the State of California, from the Interlocutory Judgment of Divorce made by Memorandum of decision on the 27th day of July, 1953 and signed and filed herein on the 4th day of August, 1953.

"Dated: October 8, 1953.

"T. Roy Hoover
"Attorney for Defendant and
Cross-complainant LORENZO
C. Fox."

It is not clear whether the appeal is from the "Memorandum of Decision" which was filed on July 27, 1953, or the interlocutory decree which was signed and filed on August 4, 1953, or from both.

The Memorandum of Decision clearly indicates that plaintiff was to prepare and submit a formal judgment and in fact this was done. The memorandum was not entered as a judgment by the clerk or by the court. It was a preliminary order authorizing the subsequent judgment and therefore not appealable. (*Butler* v. *City & County of San Francisco,* 104 Cal.App.2d 126, 128 [231 P.2d 75].)

As was said in *Kindig* v. *Palos Verdes Homes Assn.,* 33 Cal.App.2d 349, 354-355 [91 P.2d 645]: "No appeal lies from a minute order or other memorandum, the clear intent of

which is that the court has merely authorized the issuance of another written order or judgment." (See also *Smith* v. *Smith,* 45 Cal.App.2d 212, 213 [113 P.2d 892]; *Grattan* v. *Silbaugh,* 121 Cal.App.2d 684 [264 P.2d 53]; and *Preston* v. *Hearst,* 54 Cal. 595, 597.) It follows that the attempted appeal from the memorandum of decision must be and it is hereby dismissed.

Appellant argues that he was entitled to have the trial judge who heard the case render the judgment therein, citing *Reimer* v. *Firpo,* 94 Cal.App.2d 798, 801 [212 P.2d 23], which contains the following language: (quoting from *Guardianship of Sullivan,* 143 Cal. 462 [77 P. 153].)

" 'A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury, and from the jury that hears the evidence, where it is tried with the jury. He cannot be compelled to accept a decision upon the facts from another judge or another jury. This is in accord with the general rule on this subject.' "

The foregoing rule is applicable to the interlocutory decree which was signed by Judge Burch on August 4, 1953, and its applicability thereto was conceded by plaintiff in the trial court, for she there filed and presented a motion to set aside this decree on the ground that the court was without jurisdiction to sign it. Since this is an appeal from the interlocutory decree signed by Judge Burch on August 4, 1953, we are not here passing upon the validity of the later decree which was signed by Judge Paulsen on November 16, 1953, and entered three days later, or on the other points raised by appellant.

The judgment dated August 4, 1953, and entered by the clerk on said date is reversed.

Barnard, P. J., concurred.