THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEKSANDER MANKOWSKI, Defendant-Appellant.

(No. 59789;

First District (3rd Division)—May 1, 1975.

John L. White, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant Aleksander Mankowski was found guilty of driving a motor vehicle under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501), and was fined $105. At the same bench trial, the trial court found that defendant wilfully refused to take a breathalyzer test and, in accordance with the implied consent statute, section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1), ordered that it was his decision that defendant's driving privileges be suspended.

Defendant now appeals his conviction for driving a motor vehicle under the influence of intoxicating liquor (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501) and, contending that he was substantially denied due process of law, asks this court to reverse his conviction outright.

We reverse and remand.

Bruce Batka, a police officer for the Village of Wheeling, testified that on May 21, 1973, at approximately 2:03 A.M., he observed the defendant driving a motor vehicle southbound on Route 83. Officer Batka observed defendant's car cross over the double yellow line in the street. Defendant's vehicle then went entirely into the opposite northbound lane. Thereafter defendant drove his vehicle off the right shoulder of the roadway. Officer Batka then put on his Mars light, stopped defendant's vehicle and, detecting a strong odor of alcohol on defendant's breath,

asked defendant to walk a white line alongside the highway. Defendant swayed and staggered as he attempted to walk the line. Officer Batka then informed defendant that he was under arrest and transported him to the Wheeling Police Station. At the station, Officer Batka conducted certain performance tests. On the finger to nose test the defendant completely missed his nose with his right hand and was very hesitant with his left hand. In the picking up the coin test defendant picked up the coins very slowly and swayed while attempting the test. Defendant's clothes were in a state of disarray and his shirt was hanging out. At the station the defendant was very talkative, used profanity, was insulting and argumentative. Defendant's balance was asway and his walk was staggering.

Officer Batka further testified that at approximately 2:15 A.M., he presented the defendant with a copy of the implied consent form and read the form to the defendant. Defendant asked Officer Batka the meaning of 0.10% and Officer Batka explained that the figure represented the percentage of "blood in the alcohol" after which a person is considered legally under the influence of intoxicating liquor. Defendant asked several other questions pertaining to the form. As Officer Batka would attempt to answer them, the defendant would interrupt and argue with him. Officer Batka asked defendant to submit to a breathalyzer test. Defendant at that time, wanted time to think about it. During the 90-minute period provided in the implied consent statute (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(a)(9)), defendant failed to submit to the test. Approximately 15 minutes after the 90 minutes had expired, defendant agreed to submit to a breathalyzer test. Officer Batka felt that defendant's consent came too late and the test was not administered.

Defendant testified that he is an engineer having studied both in Poland and in the United States. During the afternoon of May 20, 1973, he and his wife were at a party at Przbylo's Restaurant. There he consumed two bottles of beer. Defendant and his wife then went to the home of a friend where defendant consumed two highballs. Defendant testified that he left the friend's house to go home at approximately 11 P.M. and was lost when he was arrested by Officer Batka. Defendant stated that after he was stopped by Officer Batka and asked to walk a white line along side the road, he might have stumbled because his foot had fallen asleep while driving. He was then placed under arrest, given his *Miranda* warnings and transported to the Wheeling Police Station. Defendant testified that at the station he did not consent to the breathalyzer test because he did not understand the form he was given. Defendant denied that his clothing was in a state of disarray. He testified

that he had no difficulty in performing the tests administered by the officer and that he was able to walk a straight line, touch his nose and pick up all the coins without difficulty.

Birbara Mankowski, the defendant's wife, testified that she was with her husband when he was placed under arrest by Officer Batka. She stated that she was also present in the police station when the officer administered certain performance tests. According to her testimony, defendant was able to walk without staggering and had no difficulty in touching his nose or in picking up the coins.

Casey Aheinsky testified that he was with the defendant on May 20, 1973, at the party at Przbylo's Restaurant. After this party, he went with the defendant to the home of a friend. Aheinsky further testified that the defendant left the friend's home at approximately 11 P.M. and that at that time defendant had no difficulty walking.

Defendant in his notice of appeal and in the conclusion of his brief asks for relief only from his conviction of driving under the influence of alcoholic liquor. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.) Consequently, the implied consent proceedings (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1) are not before this court for review.

■ Before considering the issues that defendant raises in his brief, it is necessary to consider an essential point not raised in either brief. It is abundantly clear from the record that evidence of defendant's failure to take the breathalyzer test within the 90 minute statutory period was received in evidence before the trial court ruled that defendant was guilty of driving a motor vehicle under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). Both sections 11—501 and 11—501.1 of the Illinois Vehicle Code clearly state that evidence of a refusal to take a breathalyzer test is not admissible in proceedings under section 11—501 of the Illinois Vehicle Code. (See Ill. Rev. Stat. 1973, ch. 95½, pars. 11—501(h) and 11—501.1(c).) Although defendant did not object to the admissibility of such evidence at trial, we may consider this error on appeal. As provided in Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)), "* * * [p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

■■ While it is true that in a bench trial of a criminal case, the trial judge will be presumed to have considered only competent evidence in arriving at the judgment (*People v. Robinson* (1964), 30 Ill.2d 437, 197 N.E.2d 45), this presumption is overcome if it affirmatively appears from the record that the evidence was considered by the court. *People v. Grodkiewicz* (1959), 16 Ill.2d 192, 157 N.E.2d 16; *People v. Ford* (1974),

21 Ill.App.3d 242, 315 N.E.2d 87; *People v. Smith* (1965), 55 Ill.App.2d 480, 204 N.E.2d 577.

The record clearly reflects that there was only one hearing and that at this hearing the trial court considered together the issue of implied consent refusal and the charge of driving under the influence of intoxicating liquor. Testimony concerning defendant's failure to take a breathalyzer was introduced by the State's attorney at the initial stages of the hearing and occupied a significant portion of the record. Never was any objection made to the admissibility of such evidence, and it is clear from the record that the trial court considered such evidence in finding the defendant guilty of driving under the influence of intoxicating liquors. In fact, it was immediately after stating that the defendant wilfully refused to take the test, that the trial court found defendant guilty of driving under the influence of intoxicating liquors.

■■■ It is our conclusion that the trial court in finding defendant guilty of driving under the influence of intoxicating liquor committed reversible error in considering evidence of defendant's refusal to take a breathalyzer test. Consequently, the cause should be remanded for a new trial on the charge against defendant of driving under the influence of intoxicating liquor. See *People v. Shinn* (1971), 133 Ill.App.2d 923, 273 N.E.2d 679 (abstract opinion).

■■ Defendant's basic contention in his brief is that the refusal of the police officer to give him the breathalyzer test deprived him of an opportunity to gather evidence in his own defense. We disagree. Although both sections 11—501 and 11—501.1 of the Illinois Vehicle Code contain provisions for the administering of scientific tests, neither section gives the defendant, under the facts of this case, the right to take a breathalyzer test. Section 11—501(f) of the Illinois Vehicle Code reads as follows:

> "(f) The person tested may have a physician authorized to practice medicine in all its branches, a qualified technician, chemist, registered nurse, or other qualified person of his own choosing to administer a chemical test or tests, at his own expense, in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person does not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."

This section has been interpreted as follows in *People v. Bies* (1972), 2 Ill.App.3d 1001, 1003-4, 276 N.E.2d 364, 366:

> "We construe this statute as granting a privilege to any defendant, already subjected by the police to scientific tests for intoxication, to request and have additional scientific tests at his own expense. The section does not impose upon police a manda-

tory and absolute duty to administer scientific tests to every person arrested in connection with an offense involving intoxication." Section 11—501(f) is applicable only to a "person tested" to provide a test at his own expense *in addition to any administered at the direction of a law officer*. Consequently, the subsequent request by defendant after his previous refusal was properly denied by the police.

Similarly, section 11—501.1 of the Illinois Vehicle Code does not give defendant, under the facts of this case, a right to take the breathalyzer test. In the case at bar, it is uncontroverted that defendant failed to submit to the test within the 90-minute period provided in the statute. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(9).) Clearly, under section 11—501.1 of the Illinois Vehicle Code, defendant could have taken the breathalyzer test had he submitted to the test within the 90-minute period. Furthermore, had defendant taken the test within this statutory period, he could have had additional tests taken at his own expense. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(a)(9).) Section 11—501.1 of the Illinois Vehicle Code gave defendant the opportunity to gather evidence in his own defense. Defendant, by his failure to submit to the breathalyzer test within the statutory period, did not take advantage of this opportunity and cannot now complain that he was denied an opportunity to gather evidence in his own defense.

In addition, we hold that the failure of an officer to administer a breathalyzer test upon request of a defendant does not deprive him of any constitutional or statutory right. A State may not suppress evidence, but it need not gather evidence for an accused. *State v. Urrego* (1974), 41 Ohio App. 2d 124, 322 N.E.2d 688.

■■ Defendant also argues that his failure to submit to the breathalyzer test within the statutory period was due to a misapprehension created by the arresting officer's explanation that the breathalyzer machine measured the percentage of "blood in the alcohol." The record does not support defendant's contention. Officer Batka's testimony clearly establishes that he gave the defendant a copy of the written notice and read the notice to the defendant. Thereafter, defendant asked certain questions which Officer Batka attempted to answer, but the defendant interrupted and argued with him. In his direct examination defendant stated that he asked Officer Batka what 0.10% meant and "how many drinks one should have to have it." It is apparent to us that defendant's own trial testimony establishes that he understood the purpose of the breathalyzer test. Officer Batka's statement that the breathalyzer measured the percentage of "blood in the alcohol" rather than blood alcohol level was not sufficient to demonstrate a misapprehension in the mind of the defendant.

Defendant also argues that he was confused having been given both his *Miranda* warnings and the implied consent form since there was no specific explanation that *Miranda* rights are not applicable to the breathalyzer examination. However, this argument is contradicted by defendant's testimony at trial in which he clearly stated that he understood his *Miranda* warnings. Defendant also testified that his initial refusal to take the breathalyzer test was due to the fact that he did not understand all the things on the form that was given to him. Defendant in no way indicated that he was confused by the previously given *Miranda* warnings.

For the foregoing reasons, the judgment of the circuit court of Cook County finding defendant guilty of driving while under the influence of alcoholic liquor in violation of section 11—501 (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501) is reversed and the cause remanded for a new trial.

Judgment reversed and remanded.

DEMPSEY and MEJDA, JJ., concur.