[Civ. No. 52980. Second Dist., Div. One. Nov. 16, 1978.]

EDWARD EUGENE BROWN, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## Counsel

Burt Pines, City Attorney, Laurie Harris, S. Thomas Todd and Maureen R. Siegel, Deputy City Attorneys, for Real Party in Interest and Appellant.

Pray, Price, Williams & Russell and Jock R. Davidson for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**LILLIE, Acting P. J.**— ██ The People (real party in interest in the superior court) appeal from judgment[1] ordering the issuance of a writ of prohibition/mandate restraining the municipal court from proceeding in an action charging petitioner with violation of Vehicle Code section 23102, subdivision (a) (driving a vehicle while under the influence of intoxicating liquor), and ordering it to dismiss the action.

The minute order granting the petition reflects the court's findings of fact: Following his arrest for violation of section 23102, subdivision (a), defendant petitioner was taken to a police station where a breath test to determine the alcoholic content of his blood was administered. He then was taken to a hospital for examination for possible neck injuries. At the hospital petitioner stated he wished to have a blood test, and offered to pay for the test. A technician with the equipment necessary to take a blood sample was available at the hospital. Nevertheless, the police officer accompanying petitioner refused to allow a blood test, telling petitioner that he could return to the hospital and have the test made after being released from custody. Petitioner was taken back to jail and was not released until three or four hours later. The court concluded that

---

[1] The notice of appeal states that the appeal is taken from "the order granting Petitioner's Writ of Prohibition and Mandamus entered on July 21, 1977 . . . ." The minute order granting the petition ordered counsel for petitioner to prepare a judgment and "peremptory writ of prohibition and mandamus." Thus, the minute order was merely a preliminary order authorizing a subsequent judgment, and was not appealable. (*Grattan v. Silbaugh* (1953) 121 Cal.App.2d 684, 685 [264 P.2d 53]; *Kindig v. Palos Verdes Homes Assn.* (1939) 33 Cal.App.2d 349, 354-355 [91 P.2d 645].) However, in accordance with the rule that a notice of appeal must be liberally construed in favor of its sufficiency (Cal. Rules of Court, rule 1(a)), notices of appeal referring to an "order" have been interpreted to apply to a "judgment" in order to protect the right of appeal where it is reasonably clear from what appellant was attempting to appeal and respondent could not possibly have been misled or prejudiced. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 67-68 [48 Cal.Rptr. 886, 410 P.2d 390]; *Luz v. Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289].) Here, the minute order was entered on July 5, 1977, and the ensuing judgment was entered on July 21, 1977. The notice of appeal, while purporting to appeal from the nonappealable minute order, refers to the date of entry of the judgment. Accordingly, it is apparent that respondent could not have been misled by the incorrect designation of the judgment as an order. We therefore deem the appeal to have been taken from the judgment rather than from the nonappealable minute order.

the refusal of the police officer to allow petitioner to procure a sample of his blood prevented him from obtaining evidence necessary to his defense, and constituted a denial of due process of law "entitling him to his discharge."

Appellant contends: (1) the refusal of petitioner's request for a blood test did not constitute a denial of due process of law; and (2) even if there was a denial of due process, dismissal of the action against petitioner was not warranted. We disagree with the first contention but conclude there is merit to the second contention, and order reversal of the judgment.

## I

The denial of an opportunity to procure a blood test on a charge of intoxication prevents the accused from obtaining evidence necessary to his defense, and is a denial of due process of law. (*In re Newbern* (1961) 55 Cal.2d 508, 513 [11 Cal.Rptr. 547, 360 P.2d 43].) While there is no duty or obligation on law enforcement officers to administer a blood test (*In re Koehne* (1960) 54 Cal.2d 757, 759 [8 Cal.Rptr. 435, 356 P.2d 179]; *McCormick* v. *Municipal Court* (1961) 195 Cal.App.2d 819, 821 [16 Cal.Rptr. 211]), in no event can an officer frustrate the reasonable efforts of an accused to obtain a timely sample of his blood without denying him due process of law. (*In re Martin* (1962) 58 Cal.2d 509, 512 [24 Cal.Rptr. 833, 374 P.2d 801].)

Appellant argues there was no denial of due process here because petitioner was free to procure a blood test after his release from jail, relying upon *In re Howard* (1962) 208 Cal.App.2d 709 [25 Cal.Rptr. 590]. In *Howard,* petitioner was arrested for drunk driving at 5:30 or 5:40 p.m.; at 7:30 p.m. she was taken to jail, where she requested that her physician, almost two hours' driving time away, be notified of her arrest so that he could give her a blood test. The police denied the request, but offered to take her to a hospital (10 minutes from the jail) where she could select a doctor of her choice to give her a blood test. She declined, and was released from jail 20 minutes to a half hour after being taken there. Thereafter, she made no effort to contact her physician to have a blood test made. An expert testified that a blood test made as much as five hours after the arrest would still have probative value. The court held that there was no denial of due process in the refusal to arrange for a blood test by petitioner's own physician because: (1) petitioner was offered an opportunity to have a test made by a doctor of her choice at the local hospital; and (2) she had ample opportunity to contact her own physician after her

release, pointing out that a test made under the second alternative would have been made in time to have probative value.

Unlike the situation in *Howard,* the record herein indicates that petitioner was released from jail four and one-half or five and one-half hours following the incident for which he was arrested.[2] Hence, a blood test made after his release would not have had probative value. "It is a matter of common knowledge that the intoxicating effect of alcohol diminishes with the passage of time. . . . The efficacy of a blood test depends upon its being made as soon as possible after the time of the offense. To be of any probative value the test must be 'near' to the offense in point of time. If it is not taken promptly after the arrest, it proves nothing." (*In re Newbern* (1959) 175 Cal.App.2d 862, 866 [1 Cal.Rptr. 80, 78 A.L.R.2d 901].) Moreover, in *Howard* petitioner had a second opportunity to procure a meaningful blood test by accepting the offer of police to take her to a local hospital; herein, petitioner already was at a hospital in the company of an officer when he requested a blood test, and a technician was on hand with the necessary equipment. Thus, the officer would not have been inconvenienced or delayed by allowing petitioner to have a sample of his blood taken at the hospital. It would have required only a few minutes; the sample could have been analyzed later without the necessity of petitioner's presence. "All the doctor usually does is take a blood sample (a nurse can also take it), and turn it over to a laboratory for analysis. The laboratory makes the determination of the alcohol content—not the doctor." (*In re Howard, supra,* 208 Cal.App.2d 709, 717.)

Appellant contends that any opportunity available to an accused to secure a blood test is sufficient to satisfy due process. However, it is clear that he must be given an opportunity "reasonable under the circumstances, to procure a *timely* sample of his blood . . . ." (*In re Koehne, supra,* 54 Cal.2d 757, 759.) (Italics added.) The opportunity herein was reasonable—petitioner was at a hospital, a technician was available to take a blood sample, and petitioner offered *to pay for the test*—and a sample of his blood taken at the time of the request would have been timely, whereas a sample taken after his release, as suggested by the officer, would not have been.

Appellant's argument that petitioner cannot claim a denial of due process because police gave him a breath test to determine the alcoholic

[2]This fact is gleaned from a transcript of the hearing on petitioner's motion, made in the municipal court, to suppress as evidence the results of the breath test administered to him by police. The transcript was admitted in evidence in the subsequent superior court proceeding for writ of prohibition/mandate. Pursuant to California Rules of Court, rule 12(a), we have had the transcript made a part of the record on appeal.

content of his blood before he requested a blood test, is without merit, for Vehicle Code section 13354, subdivision (b), gives a person arrested on a charge of drunk driving the right to procure, at his own expense, a blood alcohol test in addition to any such test administered by police.

## II

A refusal by police to allow one accused of intoxication to procure a timely blood test amounts to a suppression of evidence. (See *In re Martin, supra,* 58 Cal.2d 509, 513.) However, not every suppression of evidence requires dismissal of charges. (*People* v. *Peinado* (1976) 67 Cal.App.3d Supp. 1, 11 [136 Cal.Rptr. 845].) The remedies to be applied need be only those required to assure the defendant a fair trial. (*People* v. *Harris* (1976) 62 Cal.App.3d 859, 863 [133 Cal.Rptr. 352].)

At the station, police administered a breath test to determine the alcoholic content of petitioner's blood. Hence, the purpose of the blood test requested by him presumably was to impeach the reliability or credibility of the results of the breath test. Where potentially impeaching evidence on behalf of a defendant is suppressed, due process does not require dismissal of the action, but only exclusion of the prosecution's evidence which might have been impeached by the evidence suppressed. Such is the conclusion reached in *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], wherein the Supreme Court stated (p. 654): "The material evidence provided by a preservation of the [breath-alyzer test] ampoules and their contents serves the function of possibly impeaching the test results. Therefore suppressing the test *results* should fully balance the improper failure to preserve the potentially impeaching evidence." (Italics in original.) By analogy, suppression of the results of the breath test administered to petitioner herein is all that due process demands, and is sufficient to secure to petitioner a fair trial.

It is true that *In re Newbern, supra,* 55 Cal.2d 508, 513, states: "The denial of an opportunity to procure a blood test on a charge of intoxication prevents the accused from obtaining evidence necessary to his defense and is a denial of due process of law *entitling him to his discharge.*" (Italics added.) This rule, however, has been substantially limited by *People* v. *Hitch, supra,* 12 Cal.3d 641, in the situation where a chemical test for blood alcohol has actually been performed but the defendant is denied the opportunity of challenging the validity of the test by intentional but good faith action of the police.[3] *Hitch* holds that in that

---

[3]In the case at bench, the police officer refused petitioner's request for a blood test on the ground that he already had been given a breath test by the police. The trial court

situation due process is satisfied by the exclusion of the results of the test which the defendant is unable to challenge.

In *Hitch,* a breathalyzer test was administered to defendant by police pursuant to Vehicle Code section 13353, and their subsequent destruction of the test ampoule and its contents constituted the suppression of potentially impeaching evidence on behalf of defendant. Appellant contends that because the impeaching evidence herein would have consisted of a separate blood test administered at petitioner's request, the results of the breath test administered to him by police cannot be suppressed in light of Vehicle Code section 13354, subdivision (b). That statute reads: "(b) The person tested may, at his own expense, have a physician, registered nurse, licensed vocational nurse, duly licensed clinical laboratory technologist or clinical laboratory bioanalyst or any other person of his own choosing administer a test, in addition to any administered at the direction of a peace officer, for the purpose of determining the amount of alcohol in his blood at the time alleged as shown by chemical analysis of his blood, breath or urine. *The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of a peace officer.*" (Italics added.) In our view, this section does not make admissible the results of a test administered by police where the police have prevented the accused from obtaining a test on his behalf, as opposed to a situation where he fails to obtain a test through his own inaction or his inability to pay for the test.

■ The primary consideration in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) A court is required to construe a statute according to the ordinary import of the language employed, keeping in mind the nature and obvious purpose of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Prunty* v. *Bank of America* (1974) 37 Cal.App.3d 430, 436 [112 Cal.Rptr. 370].) The apparent purpose of section 13354, subdivision (b), is to give a person arrested for drunk driving the right to procure, on his own behalf and at his own expense, a test of the alcoholic content of his blood in order to make available to him evidence which may tend to refute the results of an additional test administered to him by police with his implied consent

made no finding of malice or bad faith on the part of the officer in refusing to honor petitioner's request. Although it appears that the officer may have been unaware of Vehicle Code section 13354, subdivision (b), we cannot say, as a matter of law, that he demonstrated bad faith.

pursuant to section 13353. Section 13354, subdivision (b), provides that a person's "failure" or "inability" to obtain his own test does not make inadmissible the results of a test administered by police. "Failure" means "omission of performance of an action or task; *esp*: neglect of an assigned, expected, or appropriate action"; "inability" means "the quality or state of being unable: lack of ability: lack of sufficient power, strength, resources, or capacity." (Webster's Third New Internat. Dict. (1966) pp. 815, 1139.) ■ Thus, according to the ordinary meaning of both words employed in the statute, the failure or inability of a person to procure a blood alcohol test must be attributable to his own neglect or lack of resources in order to render admissible in evidence a test administered by police.

In the case at bench no such failure or inability on the part of petitioner deprived him of the opportunity to procure a blood test on his own behalf; rather, it was the action of police which deprived him of such opportunity, resulting in the suppression of evidence. Accordingly, section 13354, subdivision (b), does not require that the test administered to petitioner by police be admitted in evidence. ■ The suppression of the results of such test will be sufficient to afford petitioner a fair trial.[4] Contrary to petitioner's contention, due process does not require the sanction of dismissing the municipal court action against him.

The judgment is reversed.

Thompson, J., and Hanson, J., concurred.

---

[1]As appellant points out, petitioner may, in the alternative, exploit at his trial the fact that the police prevented him from procuring an additional test of his blood alcohol level. (See Evid. Code, § 413: *People* v. *Harris, supra,* 62 Cal.App.3d 859, 865.)