STATE of Tennessee, Appellee,

v.

Billy J. CHOATE, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

Dec. 7, 1983.

Permission to Appeal Denied by Supreme
Court March 5, 1984.

Edward J. Gross, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., James F. Walsh, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Billy J. Choate, was convicted of driving while under the influence of an intoxicant and was sentenced to serve one hundred twenty (120) days in the Davidson County Workhouse and fined fifty dollars ($50). On appeal the defendant contends that the trial court erred in overruling his motion to dismiss the D.U.I. charge. We disagree and affirm the judgment of the trial court.

The defendant argues that his due process rights were violated by the police requiring him to submit to a breathalyzer test before he would be permitted to obtain a blood sample at his own expense. He further argues that he was deprived of his right to garner evidence for his defense.

The facts do not support the defendant's assertions. Following his arrest for D.U.I., the defendant was requested to submit to a breathalyzer test, which he refused, stating that he would submit to a blood test at his own expense. The defendant was advised that he would be permitted to obtain a blood test *after* he took the breathalyzer

test. The defendant persisted in his refusal to take the breathalyzer test. Since he refused to take the breathalyzer test, the police took no affirmative steps to assist the defendant in obtaining a blood sample. However, the defendant was not hampered or prevented by the police from obtaining a blood test, and he made no effort himself to arrange for a blood test although he had access to a telephone and was accompanied by a friend to the police station.

The trial court considered the defendant's statutory and constitutional claims in a well-reasoned memorandum opinion. In that opinion, the trial court, *inter alia*, stated:

There is no doubt that the defendant in this case does *not* have a statutory right to a blood test under authority of T.C.A. 55–10–410(e) as he refused to take the breathalyzer test offered by the police under the implied consent law T.C.A. 55–10–406.[1] Therefore, he could not invoke his right to a blood test at his own expense pursuant to T.C.A. 55–10–410(e) which states:

(e) The person tested shall be entitled to have an additional sample of blood or urine procured and the resulting test performed by any medical laboratory of his own choosing and at his own expense, provided, however, that said medical laboratory is licensed pursuant to Chapter 41 of the Title 53.

If he had taken the test offered by the police he would then have had a statutory right to further tests pursuant to T.C.A. 55–10–410(e). Since he refused the test, he is not a "person tested" and he, therefore, has no statutory right to a blood or urine test. This is the same conclusion reached by the South Carolina Supreme Court and Illinois Supreme Court in construing their statutes which read much like T.C.A. 55–10–410(e). See, *State v. Lewis,* 266 S.C. 45, 221 S.E.2d

524 (1976); *People v. Mankowski,* 28 Ill. App.3d 641, 329 N.E.2d 266 (1975).

The defendant next argues that he has a *constitutional right* to a blood test whether or not he refuses the breathalyzer test offered him by the police and that the police must assist him in obtaining the test.

The defendant thus claims a due process right to a test of his choosing and at his expense once he is arrested for driving under the influence even if he refuses the breathalyzer test offered by the arresting officer pursuant to T.C.A. 55–10–406. The defendant thus claims that the State has an affirmative constitutional duty to provide him with a test of his own choice.

It is necessary to state what this case does not involve. We are not here dealing with a case in which a defendant requests an opportunity to call his own doctor or other qualified person and have his doctor or other qualified person come to the jail or other place of incarceration and take a sample of blood. Under that described circumstance the defendant's due process rights would be violated if the police interfered with the defendant's right to obtain evidence necessary to his defense. The right of one in custody for driving under the influence to have a blood test by his own doctor or other qualified person at his own expense at the place of incarceration is well recognized by the Courts. See, *Scarborough v. State,* 261 So.2d 475 (Miss.1972) cert. denied 410 U.S. 946, 93 S.Ct. 1353, 35 L.Ed.2d 613; *Brown v. Municipal Court,* 86 Cal.App.3d 357, 150 Cal.Rptr. 216 (2d Dist.1978); *State v. Lewis, Supra* at 526; and *In Re Koehne,* 54 Cal.2d 757, 8 Cal.Rptr. 435, 356 P.2d 179, 180–81 (1960).

The proof in this case shows that once the defendant was arrested that he was immediately taken downtown to the Safe-

1.· (a) Any person who drives any motor vehicle in the state of Tennessee shall be deemed to have given his or her consent to a test for the purpose of determining the alcoholic or drug content of his or her blood; provided that such

test is administered at the direction of a law enforcement officer having reasonable grounds to believe such person to have been driving, while under the influence of an intoxicant or drug, as defined in § 55–10–405....

ty Building and before a magistrate as is his right pursuant to Rule 5(a), Tennessee Rules of Criminal Procedure and T.C.A. 55–10–203. There is no proof that he was denied his statutory right under T.C.A. 40–806 to make a phone call. There is no proof in the record that the police officers said anything or did anything to indicate that they would interfere with the defendant if he wanted to call a doctor or other qualified person to come down to the jail and take a sample of his blood for testing. Clearly there was no interference with the right of or the ability of the defendant to have his own chosen test conducted at his own expense at the place of his incarceration.

The defendant asks that this Court place on the police an affirmative duty to make a blood test available to the defendant by transporting him from the place of his incarceration to a hospital for the requested test. No such affirmative obligation exists on the police. See, *State v. Urrego*, 41 Ohio App.2d 124, 322 N.E.2d 688 (1974).

. . . .

In this case the officers of the Metropolitan Police force acted properly. They offered the defendant a breathalyzer test pursuant to T.C.A. 55–10–406 and he refused. [footnote deleted]. There is no proof that they did hamper or would have interfered with the right of the defendant to obtain a blood sample at his own expense by his own doctor or other qualified person at the place of his incarceration.

After a careful examination and review of the record, we find that the trial court's analysis and application of the law is correct, and the portions of his opinion as quoted herein are hereby adopted. We find no merit to the defendant's complaints.

The judgment is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.