# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 18, 2001 Session

## STATE OF TENNESSEE v. JAMES M. BRENT

**Direct Appeal from the Circuit Court for Rutherford County**
**No. M-48451     J. Steve Daniel, Judge**

---

**No. M2000-02369-CCA-R3-CD - Filed October 26, 2001**

---

A Rutherford County jury convicted the defendant of driving under the influence of an intoxicant. The trial court sentenced the defendant to eleven months and twenty-nine days to be served in a local workhouse. The court required the defendant to serve forty-eight hours and allowed the defendant to serve the remainder of his sentence on probation. The defendant subsequently moved for a new trial and then amended his motion. The trial court denied his amended motion, and the defendant appeals this denial, alleging that the evidence presented at trial was insufficient to support his conviction, that the trial court erred by allowing testimony regarding the defendant's refusal to submit to a blood alcohol test, and that the trial court erred by instructing the jury that they could consider this refusal as evidence of the defendant's consciousness of guilt. After reviewing the record and applicable case law, we find that these issues lack merit and therefore affirm the trial court's denial of the defendant's motion for new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

V. Michael Fox, Nashville, Tennessee, for appellant, James M. Brent.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; Bill Whitesell, District Attorney General; and Bill Osborne, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

### Factual Background

On June 12, 1999, a police officer stopped the defendant, James Brent, for speeding. The defendant was traveling twenty-three (23) miles per hour in excess of the posted speed limit. After stopping the defendant, the officer noticed an odor of alcohol on the defendant's person, and the

defendant admitted to having consumed alcohol. The officer then requested that the defendant perform some field sobriety tests, and the defendant agreed. The defendant failed two standard tests, the one-legged stand test and the heel to toe test. However, because the defendant complained of a back ailment, the officer administered two non-standard field sobriety tests, the finger dexterity test and the numerical countdown test, which the defendant also failed.[1] Based on this performance, the officer arrested the defendant for driving under the influence of an intoxicant. After the officer read the implied consent form to the defendant, the defendant indicated that he would agree to undergo a blood alcohol test, and therefore the officer transported him to a hospital. While en route, the defendant asked the officer if the defendant would be required to pay for the costs associated with this test. The officer responded that while he did not know the cost, he thought that the defendant would have to pay the cost if he was found guilty of driving under the influence.[2] Based on this information, the defendant decided not to take the blood alcohol test, and indicated on his implied consent form that his lack of funds was the reason for his refusal.

The defendant was subsequently tried and convicted for driving under the influence of an intoxicant. As noted above, the defendant now brings this appeal, alleging three grounds of error.

## Testimony Allowed at Trial

The defendant first alleges that the trial court erroneously allowed the arresting officer to testify regarding the defendant's refusal to submit to a blood alcohol test, as the defendant refused to take this test only because he was concerned that he might be responsible for the cost of that test. However, the defendant has waived this issue on appeal because he failed to object to this testimony at trial. See Tenn. R. App. P. 36(a). State v. Smith, 24 S.W.3d 274 (Tenn. 2000); State v. Duncan, 698 S.W.2d 63, 67 (Tenn.1985). However, even if the issue was not waived, the issue nevertheless lacks merit.

An arresting police officer does not have an affirmative duty to inform an arrestee of the costs associated with a blood alcohol test.[3] Rather, an officer is simply prohibited from taking any actions to frustrate an arrestee's efforts to undergo such testing. See State v. Livesay, 941 S.W.2d 63, 66 (Tenn. Crim. App. 1996) (acknowledging that "'there is no duty or obligation on law enforcement officers to administer a blood test,' as long as they do not 'frustrate the reasonable efforts of an accused to obtain a timely sample of his blood . . . .'"(quoting with approval Brown v. Mun. Court, 86 Cal. App. 3d 357 (1978))); see also Mark Bateman, 1997 WL 779122, at *4 (citing same and

---

[1] The defendant testified that he did not take the one-legged stand test and passed all others.

[2] The defendant testified that the officer initially told him that the cost of the test was $230.00 and that after the defendant indicated that he did not have enough cash or a credit card to pay for the test, the officer told him that he was unsure of the cost.

[3] Moreover, a police officer is not required to transport an arrestee to a hospital for such testing. See State v. Choate, 667 S.W.2d 111 (Tenn. Crim. App. 1983); State v. Mark Bateman, No. 01C01-9608-CC-00377, 1997 WL 779122, at *4 (Tenn. Crim. App. at Nashville, Dec. 17, 1997).

affirming a lower court's conviction of a defendant for DUI, as there was "no evidence in the record that the officer(s) hampered or obstructed any effort by the defendant to obtain a blood test").

In the instant case, there is no evidence that the arresting officer frustrated an attempt by the defendant to obtain a blood test. The officer simply stated that he was unsure about the cost of such a test; he did not prevent the defendant from taking the test or from learning about test costs from hospital administrators. Therefore, we find that this issue lacks merit.

## Jury Instruction Error

The defendant alleges that the trial court erred by instructing the jury that they could consider the defendant's refusal to submit to a blood alcohol test as consciousness of guilt, as the defendant only refused to take the test because the police officer failed to assure him that he would not be responsible for the cost of the test. However, the defendant has failed to include the court's jury instructions in his record for appeal. Without the jury instructions, it is impossible for this court to determine if the trial court erred when instructing the jury. Because it is the defendant's responsibility, as the appellant, to include the information in the record necessary to resolve the issues presented for appeal, any issue regarding the trial court's jury instructions is waived. Tenn. R. App. P. 24; see also State v. Timmy Fulton, No. 02C01-9706-CC-00223, 1998 WL 188532, at *6 (Tenn. Crim. App. at Jackson, Apr. 21, 1998).

## Sufficiency of the Evidence

The defendant argues that the evidence presented at trial was insufficient to support his conviction for driving under the influence of an intoxicant. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). In determining the sufficiency of the evidence, this court does not re-weigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). This court is required to afford the state the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from the evidence. State v. Herrod, 754 S.W.2d 627, 632 (Tenn. Crim. App. 1988).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the theory of the state. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption

of guilt, the accused has the burden on appeal of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and the inferences that may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. Matthews, 805 S.W.2d at 780.

The evidence presented in the instant trial was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. The arresting police officer stopped the defendant for speeding in excess of twenty miles over the posted speed limit. Moreover, the police officer noticed an odor of alcohol emanating from the defendant, and the defendant admitted to having consumed alcohol. The police officer also testified that the defendant failed four sobriety tests. This evidence is sufficient for a rational trier of fact to find that the defendant was driving or in physical control of his vehicle while under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-401 (1998). Therefore, we find that the defendant's challenge of the sufficiency of evidence at trial lacks merit.

### Conclusion

For the foregoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____

JERRY L. SMITH, JUDGE