**Christopher Dean COGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00044–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 10, 2005.

Decided March 3, 2005.

---

8. Franco has filed a Motion to Dismiss the Cross–Appeal in this Court. By order issued this day, we deny the motion as moot.

Dianne M. Sprague, Clarksville, for appellant.

Deborah Moore, Red River Asst. County Atty., Val Varley, Red River County Atty., Clarksville, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

From his jury conviction for misdemeanor driving while intoxicated,[1] Christopher Dean Coggins appeals with two points of error, (1) that he was denied due process because he was not allowed to take a

breathalyzer test and because there was no videotape of his arrest or intake, any one of which, he says, would have demonstrated to the jury he was not intoxicated and (2) that the evidence was legally and factually insufficient to support the verdict of guilt. We affirm the judgment because we find neither point of error meritorious.

1. *Coggins Did Not Preserve His Due Process Complaint for Review and Was Not Entitled to a Breathalyzer Test or a Videotape of His Arrest or Intake*

In the reverse of the typical argument raised on appeal, Coggins first complains because he was *not* given a breathalyzer test. He argues that his due-process rights were violated because the arresting officer did not allow him to take a breathalyzer test—which he argues would have shown that he was not intoxicated. He also says no videotape was made of his arrest or intake at the jail, which would have disproved the State's case, and that he was confined in a "detox" tank overnight, thus preventing him from attempting to obtain an independent test. All of these acts by the State, he argues, resulted in his inability to prove his innocence, thus denying him the due process of law.[2]

In order to preserve error for appellate review, an appellant must make a timely complaint to the trial court by a timely request, objection, or motion, state the grounds for the complaint, and secure a ruling on the record from the trial court. Tex.R.App. P. 33.1; *Wilson v. State*, 71

---

1. Coggins was sentenced to 180 days in jail—which was probated for two years, except that he was to serve six days in jail as a condition of community supervision—and a $1,000.00 fine.

2. This is a different argument than would be made in a *Brady* context, where the issue is the preservation of evidence by the State. The State is required to provide potentially exculpatory information to the defense. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Thomas v. State*, 841 S.W.2d 399 (Tex.Crim.App.1992).

S.W.3d 346, 349 (Tex.Crim.App.2002); *Gill v. State*, 111 S.W.3d 211, 214 (Tex.App.-Texarkana 2003, no pet.). Coggins does not point out where he raised this issue with the trial court, and we can find no such action in the record. Therefore, Coggins has failed to preserve this point for appellate review.

Even had he raised it, the point is not meritorious.

The State's burden was to prove that Coggins was operating his vehicle in a public place while intoxicated. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon 2003). Intoxication can be proven in a number of different ways, and the statutes do not require that breath or blood tests be offered or administered by the State. Section 724.011 of the Texas Transportation Code provides (among other things) that a driver is deemed to have consented to the taking of a specimen of breath or blood for analysis to determine alcohol concentration or presence of a controlled substance. *See* TEX. TRANSP. CODE ANN. § 724.011 (Vernon 1999). It does not require an officer to allow the person to choose which method he or she wants to use.[3] In fact, Section 724.012(c) provides that the officer is to decide what specimen is to be taken. TEX. TRANSP. CODE ANN. § 724.012(c) (Vernon Supp.2004–2005).

In this case, there is nothing in this record that shows that, at any relevant point, Coggins attempted to obtain an independent test of his blood or breath. Thus, there is nothing to show that an agent of the State acted in a fashion that prevented Coggins from pursuing any remedy. All the record reflects is that Coggins refused a blood test. He has been denied no right under this record.[4]

We overrule Coggins' first point of error.

---

**3.** With one exception that does not apply in this case, Section 724.013 of the Texas Transportation Code provides that a specimen cannot be taken if the person refuses permission. *See* TEX. TRANSP. CODE ANN. § 724.013 (Vernon 1999). Further, evidence that a person refused a request is admissible. TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999).

**4.** Coggins refers this Court to several cases from other jurisdictions, several of which have noted in this context that a criminal accused has a constitutional right to attempt to obtain exculpatory evidence by obtaining a sobriety test independent of that offered by the arresting officer. *McNutt v. Ariz.*, 133 Ariz. 7, 648 P.2d 122 (1982); *State v. Woolery*, 116 Idaho 368, 775 P.2d 1210, 1214 (1989); *State v. Beanblossom*, 313 Mont. 394, 61 P.3d 165, 169 (2002); *State v. Swanson*, 222 Mont. 357, 722 P.2d 1155 (1986); *State v. Choate*, 667 S.W.2d 111 (Tenn.Crim.App.1983). The concept is based on the right of an accused in a criminal trial to due process, which is defined as, "in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Miss.*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). This is a logical application of the general concept—but such a right has not been recognized in Texas.

Many states have held that due process requires that a defendant accused of driving while intoxicated be afforded a reasonable opportunity to obtain an independent test because such a test assures the defendant's right to gather exculpatory evidence. *See Bilbrey v. Ala.*, 531 So.2d 27 (Ala.Crim.App.1987); *Snyder v. State*, 930 P.2d 1274, 1277 (Alaska 1996); *McNutt v. Superior Court of State*, 133 Ariz. 7, 648 P.2d 122 (1982); *Jones v. State*, 200 Ga.App. 666, 409 S.E.2d 251, 253 (1991); *State v. Carr*, 128 Idaho 181, 911 P.2d 774 (App.1995); *Commonwealth of Ky. v. Long*, 118 S.W.3d 178, 183 (Ky.Ct.App.2003); *Scarborough v. Miss.*, 261 So.2d 475 (Miss.1972); *Swanson*, 222 Mont. 357, 722 P.2d 1155; *State v. Bumgarner*, 97 N.C.App. 567, 389 S.E.2d 425 (1990); *City of Lakewood v. Waselenchuk*, 94 Ohio App.3d 684, 641 N.E.2d 767 (1994); *Choate*, 667 S.W.2d 111; *State v. Walstad*, 119 Wis.2d 483, 351 N.W.2d 469, 491 (1984); John Ludington, Annotation, *Drunk Driving: Motorist's Right to Private Sobriety Test*, 45 A.L.R.4th 11 (1986). A number of these states have incorporated that right into statute.

## 2. The Evidence Is Legally and Factually Sufficient

■ Coggins next contends the evidence is legally and factually insufficient to support his conviction. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In a factual sufficiency review, the appellate court views all the evidence in a neutral light and determines whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Threadgill v. State,* 146 S.W.3d 654, 664 (Tex.Crim.App.2004) (citing *Zuniga v. State,* 144 S.W.3d 477, 486 (Tex.Crim.App.2004)).

According to the testimony of the officer who stopped the car, Coggins rolled through a stop sign, displayed erratic driving in his speed and in crossing the center line of the road, had bloodshot eyes, was shaky when he stepped out of the car, could not form a complete sentence when talking, could not stand still when asked, refused to perform field sobriety tests, refused to submit to a blood test, and stated that he had been smoking marihuana and had consumed "a couple of beers" earlier at home, so there was no any sense in him taking any blood test or field sobriety test. The officer also testified that the interior of the vehicle Coggins was driving smelled like alcohol and marihuana, and that there were "rolling papers" visible in the front seat. Finally, Officer Groves testified that, in his opinion, Coggins was intoxicated on a mixture of marihuana and alcohol.

This evidence is legally sufficient to support the verdict.

In addition to the evidence set out above, a passenger, Jeffrey Williams, testified that Coggins had not drunk alcohol or smoked marihuana in the vehicle. Williams also testified that he had been smoking marihuana and that the front-seat passenger, Trey Madden, had been drinking. Williams also testified that, although they said something about field sobriety tests, he saw none, and that he heard Coggins request a breathalyzer test and heard Officer Groves respond that Groves wanted a blood test done.

Coggins testified that Madden had been drinking and that both Madden and Williams had been smoking marihuana. He believed that the officer had concocted the story and that, if a videotape had been made, it would show his innocence.

This is a classic situation where the fact-finder was confronted with different versions of the same event. There is evidence that, if believed, would show guilt, and other evidence that, if believed, would show innocence. It is the purview of the fact-finder to determine which witnesses are credible and to attempt to ferret out the truth. The evidence against the verdict is not so strong as to permit us to determine that the fact-finder could not reasonably find Coggins guilty. We overrule this contention of error.

We affirm the judgment.