

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00039-CR

---

BARCLAY EDWARD BERDAN II                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1327699

----------

## EN BANC MEMORANDUM OPINION[1]
## ON MOTIONS FOR REHEARING

----------

After reviewing appellant Barclay Edward Berdan II's motion for rehearing and motion for rehearing en banc, we deny the motions, withdraw our November 6, 2014 memorandum opinion and judgment, and substitute the following in their place.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

Berdan went drinking with a friend in the West 7th Street area of Fort Worth. While driving home, Berdan hit a light post in an intersection causing the back of his truck to swing out, blocking a lane of traffic. Fort Worth Police Officer Brian White saw the accident happen and approached the truck. White testified that Berdan willingly stepped out of his car, and as Berdan got out, he stumbled backward. Berdan had bloodshot eyes, and White could smell alcohol on Berdan's breath. Berdan admitted that he "had a couple of drinks" at a nearby bar. After the initial observations of intoxication, White decided to conduct a field-sobriety evaluation.[2] White twice asked Berdan to perform the tests, but Berdan refused each time, without giving a reason. Believing that Berdan had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body, White arrested Berdan and took him to the City of Fort Worth jail.[3] In the parking lot of the jail, White read Berdan the required statutory warnings and asked Berdan to provide a breath sample. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2014). He refused. Berdan would not sign the form indicating that he was refusing to provide a sample. A

---

[2]There are three different tests that the Fort Worth Police Department performs: the horizontal-gaze nystagmus, the walk and turn, and the one-leg stand. [3 RR 77]

[3]Before White took Berdan to the jail, MedStar EMS arrived to treat Berdan. He had no injuries that would have prevented him from performing the tests. The medical personnel noted, however, that Berdan smelled of alcohol and that Berdan had admitted to drinking alcohol.

jury convicted Berdan of driving while intoxicated, and the trial court assessed his punishment at ninety days' confinement, probated for twenty-four months, with a $600 fine. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2014).

## II. SUFFICIENCY OF THE EVIDENCE

Berdan argues that the evidence was insufficient to show that he was intoxicated. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Intoxication is statutorily defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . or any other substance into the body." Tex. Penal Code Ann. § 49.01(2)(A) (West 2011). A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial and be considered as evidence of guilt. Tex. Transp. Code Ann. § 724.061 (West 2011); *Huffman v. State*, No. 02-13-00175-CR, 2014 WL 3696132, at *2 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op., not designated for publication).

Berdan was driving erratically such that he drove his car into a light post. Berdan was stumbling when he got out of the car and had bloodshot eyes. He admitted he had been drinking. White testified that Berdan had lost the normal use of his physical and

3

mental faculties due to alcohol consumption and that Berdan refused to provide a breath sample. This evidence allowed the jury to draw the reasonable inference that Berdan was intoxicated at the time he was driving; thus, the evidence was sufficient to support his conviction for driving while intoxicated. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Coggins v. State*, 160 S.W.3d 177, 180 (Tex. App.—Texarkana 2005, no pet.). We overrule Berdan's sole issue.

## III. CONCLUSION

Having overruled Berdan's issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

EN BANC

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2015