IN THE TEXAS
COURT OF CRIMINAL APPEALS

NO. PD-0252-15
(Court of Appeals No. 02-14-00039-CR)

BARCLAY EDWARD BERDAN,

Petitioner

vs.

THE STATE OF TEXAS,

State

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

OF THE SECOND COURT OF APPEALS' OPINION AND JUDGMENT IN CUASE NO. 02-14-00039-CR ON APPEAL FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY.

Tim Choy
State Bar No. 24056721
204 W. Central Ave.
Fort Worth, TX 76164
Ph: (817) 625-5582
Fax: (817) 625-5881
Email: tim@timchoylaw.com

COUNSEL FOR PETITIONER

## IDENTITY OF PARTIES AND COUNSEL

The Parties to the trial Court's Judgment are:

Barclay Edward Berdan, II                                    Defendant/Petitioner

Counsel are:

Tim Choy                                                            Defense Counsel
Attorney At Law
204 West Central Ave.
Fort Worth, Texas 79601


The State of Texas                                            Prosecution

Hon. Debra Windsor,
Chief of Appeals
Tarrant CountyOffice of
the Tarrant County  District Attorney
401 West Belknap Street
Fort Worth, Texas, 76196

Hon. Lisa McMinn
Office of the State Prosecutor
Supreme Court Bldg.
Austin, Texas

2

# *TABLE OF CONTENTS*

Identity of Parties and Counsel............................................................2

Table of Contents.........................................................................3

Index of Authorities.....................................................................4

Statement Regarding Oral Argument.........................................................5

Statement of The Case....................................................................5

Statement of Procedural History..........................................................6

Question Presented for Review............................................................6

Whether the Court of Appeals was correct in its analysis and determination that the evidence was legally sufficient to support Mr. Berdan's conviction for the offense of Driving While Intoxicated?

Reason for Review, Arguments and Authorities.............................................6

The Court of Appeals has decided a significant issue of Texas law that has not been, but should be, decided by this Court, to-wit: whether a breath test refusal, coupled with a field-sobriety test refusal, is sufficient to support a conviction for Driving While Intoxicated, where the defendant admits to drinking alcohol?

Prayer...................................................................................7

Certificate of Service...................................................................8

Court of Appeals' Opinion and Judgment...........................................Appendix

3

## INDEX OF AUTHORITIES

**Texas Appellate Court Cases**

*Barclay Edward Berdan, II v. State of Texas,*
No. 02-14-00039-CR, Jan. 22, 2015  (Memorandum Opinion on Rehearing)
(Unpublished)............................................................................................6

*Jackson v. Virginia,*
443 U.S. 307,319, 99 S.Ct. 2781, 2789 (1979); Dobbs v. State, 134 S.W.3d
166, 170 (Tex. Crim. App. 2014).................................................................6

*Huffman v. State,*
No. 02-13-00175-Cr, 1014 WL 3696132, (Tex. FortWorth July 24, 2014,
no    pet.).................................................................................................7

## RULE

TEX. R. APP. P. 66.3(b)..............................................................................5

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW BARCLAY EDWARD BERDAN, II, by and through his attorney of record, Tim Choy, and pursuant to Rule 68, Texas Rules of Appellate Procedure, files this *PETITION FOR DISCRETIONARY REVIEW*, and for such Petitioner would show this Court as follows:

## *STATEMENT REGARDING ORAL ARGUMENT*

This petition involves a novel question of state law concerning whether a defendant's conviction may be deemed legally sufficient where the primary evidence against him is a refusal to perform a standard field sobriety tests and a refusal to provide a breath sample. For that reason, Petitioner believes oral argument would assist the Court in arriving at its decision.

## *STATEMENT OF THE CASE*

Appellant was convicted of the offense of Driving While Intoxicated following a one-vehicle accident occurring near a five-street intersection in Fort Worth.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner seeks review of the Court of Appeals Judgment and Opinion in *Barclay Edward Berdan, II v. State of Texas*, No. 02-14-00039-CR, Jan. 22, 2015 ( Memorandum Opinion on Rehearing) (Unpublished). This Court granted Petitioner one extension of time in which to file this p.d.r., which it ordered due no later than today, March 25, 2015.

## QUESTION PRESENTED FOR REVIEW

**Whether the Court of Appeals was correct in its analysis and legal sufficiency determination when it held that failure to comply with requests to perform field sobriety tests and breath tests can be the primary factors supporting the verdict?**

## REASON FOR REVIEW

**The Court of Appeals has decided a significant issue of Texas law that has not been, but should be, decided by this Court.**

## DISCUSSION

Mr. Berdan respectfully disagrees with the Fort Worth Court of Appeals' focus and emphasis on his field sobriety test refusal and breath test refusal in its determination and resolution of his legal sufficiency challenge.

The Court correctly set forth the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307,319, 99 S.Ct. 2781, 2789 (1979)(requiring review of evidence in light most favorable to the State). The mistake Mr. Berdan suggests was made by the Court of Appeals was its stated reliance on his failure to comply

6

with the investigating officer's request that he perform standard field sobriety tests, and a later request by law enforcement that he provide a specimen of his breath. Slip. Op. p. 3. While it is true that the trier of fact (here, the jury) can take the refusals as indicators of guilt, *see Huffman v. State*, No. 02-13-00175-Cr, 1014 WL 3696132, (Tex. FortWorth July 24, 2014), to Petitioner's knowledge no case authority exists stating how strong those indicators can be. Here, although Mr. Berdan admitted having two drinks, and admitted driving the vehicle involved in a one car accident while executing a left hand turn at night on one of the most confusing intersections in the City of Fort Worth, there is scant evidence of guilt, unless heavy reliance is placed on his decision not to comply with field sobriety and breath test requests. Accepting this case for discretionary review would allow this Court to consider how much weight such refusals should have.

## PRAYER FOR RELIEF

Petitioner prays that for the above reasons this Court grant discretionary revie, and order further briefing and oral argument on the issue presented. He further requests reversal of the lower court's decision and remand of his case for new trial.

7

Respectfully Submitted,

TIMOTHY CHOY
State Bar No. 24056721
204 West Central Avenue
Fort Worth, Texas 76164
Phone: 817/625-5582

## CERTIFICATE OF SERVICE

The undersigned, TIM CHOY, certifies that he has sent a copy of this document (in that it has been e-filed) with the appellate division of the Tarrant County District Attorney's Office, and with the Hon. Lisa McMinn, Office of the State Prosecutng Attorney, Austin, Texas, this 25TH day of March, 2015.

TIM CHOY

# APPENDIX



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00039-CR

BARCLAY EDWARD BERDAN II                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1327699

----------

## EN BANC MEMORANDUM OPINION[1]
## ON MOTIONS FOR REHEARING

----------

After reviewing appellant Barclay Edward Berdan II's motion for rehearing and motion for rehearing en banc, we deny the motions, withdraw our November 6, 2014 memorandum opinion and judgment, and substitute the following in their place.

_____

[1]*See* Tex. R. App. P. 47.4.

*Appendix*

## I. BACKGROUND

Berdan went drinking with a friend in the West 7th Street area of Fort Worth. While driving home, Berdan hit a light post in an intersection causing the back of his truck to swing out, blocking a lane of traffic. Fort Worth Police Officer Brian White saw the accident happen and approached the truck. White testified that Berdan willingly stepped out of his car, and as Berdan got out, he stumbled backward. Berdan had bloodshot eyes, and White could smell alcohol on Berdan's breath. Berdan admitted that he "had a couple of drinks" at a nearby bar. After the initial observations of intoxication, White decided to conduct a field-sobriety evaluation.[2] White twice asked Berdan to perform the tests, but Berdan refused each time, without giving a reason. Believing that Berdan had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body, White arrested Berdan and took him to the City of Fort Worth jail.[3] In the parking lot of the jail, White read Berdan the required statutory warnings and asked Berdan to provide a breath sample. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2014). He refused. Berdan would not sign the form indicating that he was refusing to provide a sample. A

_____

[2]There are three different tests that the Fort Worth Police Department performs: the horizontal-gaze nystagmus, the walk and turn, and the one-leg stand. [3 RR 77]

[3]Before White took Berdan to the jail, MedStar EMS arrived to treat Berdan. He had no injuries that would have prevented him from performing the tests. The medical personnel noted, however, that Berdan smelled of alcohol and that Berdan had admitted to drinking alcohol.

2

jury convicted Berdan of driving while intoxicated, and the trial court assessed his punishment at ninety days' confinement, probated for twenty-four months, with a $600 fine. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2014).

## II. SUFFICIENCY OF THE EVIDENCE

Berdan argues that the evidence was insufficient to show that he was intoxicated. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Intoxication is statutorily defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . or any other substance into the body." Tex. Penal Code Ann. § 49.01(2)(A) (West 2011). A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial and be considered as evidence of guilt. Tex. Transp. Code Ann. § 724.061 (West 2011); *Huffman v. State*, No. 02-13-00175-CR, 2014 WL 3696132, at *2 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op., not designated for publication).

Berdan was driving erratically such that he drove his car into a light post. Berdan was stumbling when he got out of the car and had bloodshot eyes. He admitted he had been drinking. White testified that Berdan had lost the normal use of his physical and

3

mental faculties due to alcohol consumption and that Berdan refused to provide a breath sample. This evidence allowed the jury to draw the reasonable inference that Berdan was intoxicated at the time he was driving; thus, the evidence was sufficient to support his conviction for driving while intoxicated. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Coggins v. State*, 160 S.W.3d 177, 180 (Tex. App.—Texarkana 2005, no pet.). We overrule Berdan's sole issue.

### III. CONCLUSION

Having overruled Berdan's issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

EN BANC

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2015

4

Print this page

# Case # PD-0252-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 03/25/2015 11:12:48 AM |
| Case Number | PD-0252-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Timothy Choy |
| Firm Name | Timothy Choy |
| Filed By | Timothy Choy |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Firm Account |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 7620262 |
| Order # | 004633843-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Appellant's Petition for Discretionary Review |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
| --- | --- | --- |
| Other | 03/26/2015 11:45:13 AM | The petition for discretionary review does not contain a certification of compliance with T.R.A.P. 9.4(i)(3). The petition for discretionary review does not contain the identity of Judge, Parties and Counsel in compliance with[Rule 68.4(a)]; it does not include the identity of the trial court judge. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
| --- | --- | --- |
| *Lead Document* | Appellant's PDR.pdf | [Original] |
| *Attachments* | Appendix to Appellant's PDR.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
| --- | --- | --- | --- | --- | --- |
| Debra Windsor COAAppellateAlerts@tarrantcounty.com | | EServe | Sent | Yes | 03/26/2015 11:40:16 AM |